UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELICA S., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 1:25-cv-01405 |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction and Motion for Class Certification and the briefing, evidence, and arguments submitted by Plaintiffs and Defendants, the Court finds that entry of a preliminary injunction is warranted. Plaintiffs have established that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see* also 5 U.S.C. § 705. Plaintiffs have also established that provisional class certification is warranted. *See Damus v. Nielsen*, 313 F.Supp.3d 317, 328 (D.D.C. 2018).

It is hereby ORDERED that the motions are GRANTED. The Court provisionally certifies the following class: all unaccompanied children who are or will be in the custody of the U.S. Department of Health and Human Services ("HHS") and who (a) have or had a potential sponsor who has been identified; and (b) have not been released to a sponsor in whole or in part because they are missing documents newly required on or after March 7, 2025.

1

Further, Plaintiffs are GRANTED preliminary injunctive relief as follows:

(1)     The Interim Final Rule titled "Unaccompanied Children Program Foundational Rule; Update To Accord With Statutory Requirements," promulgated by the Department of Health and Human Services on March 25, 2025, and published at 90 Fed. Reg. 13,554 is hereby STAYED and shall be given no legal force or effect;

(2)     The Office of Refugee Resettlement ("ORR") is prohibited from enforcing the new proof of identification requirements and new proof of income requirements currently contained in the March 7, 2025, and April 15, 2025, revisions of its Unaccompanied Alien Children Bureau Policy Guide Section 2.2.4;

(3)     Within 10 days of this order, ORR shall inform all potential sponsors of unaccompanied children who were disqualified or denied based on ORR's unlawful proof of identification and proof of income policies that they may now continue with their sponsorship applications;

(4)     In all cases where (a) a potential sponsor submitted a complete family reunification application and (b) the application was denied or closed or adjudication of the application was delayed in whole or in part because of ORR's IFR described in section (1) above and/or ORR's revised proof of identification and/or proof of income requirements described in section (2) above, ORR is ORDERED to adjudicate the application without regard to the IFR and the revised requirements and in accordance with the policies and requirements otherwise in place when the application was submitted.

SO ORDERED this _____ day of _____, 2025.

_____