# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELICA S., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  No. 25-cv-1405 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL**

Plaintiffs Angelica S., Eduardo M., Liam W., Leo B., and Xavier L., and their next friends move for leave to proceed under pseudonym, pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.1(h). Plaintiffs are undocumented children in federal immigration custody. They bring this action through their next friends, who are either the children's parents or relatives seeking to sponsor them, or trusted adults who work with them on their immigration cases. Plaintiffs and their next friends wish to proceed under pseudonym to protect the privacy of the immigrant children involved in this litigation. Plaintiffs further seek to protect the identities of members of the putative class, who are all children in federal immigration custody.

This case deals with highly sensitive matters such as the undocumented immigration status of children in federal custody and their potential sponsors, and their potential release from custody. For the same reasons, Plaintiffs and their next friends further request the Court direct that any document revealing their true identities or the identities of members of the putative class, or any information or distinguishing characteristics that could reveal their true

1

identities be filed under seal, with a redacted public filing made simultaneously or promptly thereafter. The identifying information to be filed under seal includes but is not limited to (1) the names of Plaintiffs and their next friends and family members and members of the putative class; (2) the names of the shelters where Plaintiffs or members of the putative class are currently being held; (3) the cities where Plaintiffs' next friends or sponsors of putative class members reside; (4) the cities where Plaintiffs or members of the putative class are currently detained; (5) any countries of origin; and (6) any dates of birth. Plaintiffs further request that any such sealed information not be shared with anyone other than Defendants' counsel and personnel of the Department of Health and Human Services who directly have a need for access to such information for the purposes of preparing the defense of this litigation.

I.   **This Court Should Permit Plaintiffs and their Next Friends to Proceed Pseudonymously.**

The Federal Rules of Civil Procedure and the Local Civil Rules recognize the paramount need to protect the privacy and safety of children and thus require the full names of children to be excluded from court filings. *See* Fed. R. Civ. P. 5.2(a); LCvR 5.4(f)(2). Only a child's initials may be used in court documents. *Id.* Additionally, this Court has broad discretion to "allow plaintiffs to proceed under a pseudonym in certain cases involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014). As such, this Court has permitted children and their parents and next friends to proceed under pseudonym, recognizing that their privacy interests are intertwined. *See, e.g.*, *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016) ("A parent's identity, 'if disclosed, could jeopardize the child's confidentiality.'" (citation omitted)); *Haitian Bridge Alliance v. Biden*, No. 21-CV-3238, 2021 WL 12244207, at *3 (D.D.C. Dec. 23, 2021) ("[A]nonymity is all the more warranted because some of them are parents to minor children.").

To determine if the use of a pseudonym is justified, courts in this District consider:

[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and, relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019).

All the factors here weigh heavily in favor of allowing Plaintiffs and their next friends to proceed under pseudonyms.

### A. Plaintiffs and Their Next Friends Seek to Preserve Children's Privacy in Highly Sensitive Matters.

It is well established that matters involving the undocumented status of immigrants, and especially immigrant children, are highly sensitive. *See Hispanic Interest Coalition of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) (identifying cases where courts protected from disclosure the immigration status of parties). Courts often permit undocumented immigrant plaintiffs to proceed under pseudonyms so that they are not chilled "from litigating important issues like the ones raised in this case." *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366, 2017 WL 6541446, at *7 (S.D. Cal. Dec. 20, 2017); *see also Lozano*, 620 F.3d 195; *Int'l Refugee Assistance Project v. Trump*, No. CV 17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017).

Defendants' own regulations recognize that safeguarding information about detained immigrant children *and* their parents and sponsors is necessary to secure children's privacy.

3

The Unaccompanied Children Program Foundational Rule provides that Office of Refugee Resettlement (ORR) contractors "shall not disclose case file records or information about unaccompanied children, their sponsors, family, or household members to anyone for any purpose, except for purposes of program administration, without first providing advanced notice to ORR to allow ORR to ensure that disclosure of unaccompanied children's information is compatible with program goals and to ensure the safety and privacy of unaccompanied children." 45 C.F.R. § 410.1303(h)(4).

Plaintiffs request anonymity for themselves and their next friends to protect highly sensitive information about undocumented immigrant children in federal custody, not "to avoid the annoyance" of litigation. *In re Sealed Case*, 931 F.3d at 97. The first factor supports proceeding pseudonymously.

### B. The Immigrant Children Plaintiffs Fear Retaliation if Their Identities Become Public.

As to the second factor, the likelihood that the Plaintiffs, their family members, or their next friends will be retaliated against if their identities are revealed—through retaliatory immigration enforcement or harm by members of the public—warrants permitting Plaintiffs and their next friends to proceed pseudonymously.

A plaintiff's fear of alerting immigration authorities to their presence or being deported can justify proceeding under a pseudonym. *See, e.g.*, *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010), *judgment vacated on other grounds by* 563 U.S. 1030 (2011); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000). Here, Plaintiffs and their next friends have reasonable fear that if their names or identities are revealed, Immigration and Customs Enforcement (ICE) will target the children involved in this case or their family members or potential sponsors. *See* Complaint for Declaratory and Injunctive

Relief ¶¶ 28-29, 68-72, 93, 99, ECF 1.[1] This fear is reasonable given that ICE has targeted sponsors of unaccompanied children in the past and is again specifically targeting unaccompanied immigrant children and their sponsors for arrest and deportation.[2] ICE has also, on numerous occasions, targeted immigrants who have spoken up about unjust or unlawful immigration practices. *See, e.g.*, *Ragbir v. Homan*, 923 F.3d 53, 70 (2d Cir. 2019), *vacated on other grounds sub nom. Pham v. Ragbir*, 141 S. Ct. 227 (2020) ("plausible allegations" supported that ICE singled out immigration activist "for deportation based not only on the viewpoint of his political speech, but on the public attention it received.").

Protection of Plaintiffs' identities and personal information is particularly important in this case because Plaintiffs challenge ORR's policies permitting the collection and sharing of immigration status information for immigration enforcement-related purposes. Revealing Plaintiffs' and their next friends' identities and information would undermine their ability to seek relief from this Court.

Plaintiffs, their family members, and next friends, also face possible retaliation from members of the public in the United States who are hostile to undocumented immigrants. Many courts have recognized the seriousness of this potential harm. *See, e.g.*, *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1096 (9th Cir. 2017) ("There is no question …. That undocumented immigrants face a serious risk of 'harassment, embarrassment, and even

---

[1] Declarations of Plaintiffs and Next Friends forthcoming with Plaintiffs' Motion for Preliminary Injunction.

[2] José Olivares, *Ice seeking out unaccompanied immigrant children to deport or prosecute*, THE GUARDIAN, Apr. 28, 2025, https://www.theguardian.com/us-news/2025/apr/28/ice-unaccompanied-immigrant-children; Marisa Taylor, Ted Hesson, and Kristina Cooke, *Trump officials launch ICE effort to deport unaccompanied migrant children*, REUTERS, Feb. 23, 2025, https://www.reuters.com/world/us/trump-administration-directs-ice-agents-find-deport-unaccompanied-migrant-2025-02-23/; *see also* Daniella Silva, *ICE arrested 170 immigrants seeking to sponsor migrant children*, NBC News (Dec. 11, 2018), https://perma.cc/H7XZ-3WS9

physical violence and reprisal by citizens and law enforcement'" (citation omitted)); *Lozano*, 620 F.3d at 195 (agreeing with district court that the immigrant plaintiffs "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed." (citation omitted)).

Moreover, some of the Plaintiffs and their sponsors and other family members are asylum seekers who fled to the United States because they fear for their lives in their home countries. If the identities of these children or their family members were to become public, people who have harmed or want to harm them could easily learn that they are in the United States and potentially facing removal to their country of origin. This Court has recognized that potential retaliation in another country can justify permitting parties to use pseudonyms. *Haitian Bridge Alliance*, 2021 WL 12244207, at *3 (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d at 1063). Federal regulations also recognize the sensitivity of information about asylum seekers and prohibit disclosure of such information. *Asylumworks v. Wolf*, No. 20-CV-03815, 2020 WL 13460835, at *3 (D.D.C. Dec. 23, 2020) (citing 8 C.F.R. §§ 208.6, 1208.6). Plaintiffs raise significant, reasonable fears about the harm they may suffer if their identities are revealed. The second factor supports proceeding under pseudonym.

**C. Proceeding Pseudonymously Would Protect the Minor Children Involved.**

As to the third factor, Plaintiffs and their next friends seek to proceed pseudonymously to protect the interests of the minor children who are plaintiffs here. This weighs heavily in favor of granting Plaintiffs' motion. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (acknowledging "the special vulnerability of [] child-plaintiffs") (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

This Court has repeatedly recognized that ensuring the privacy of children often requires protecting the identities of their parents and caregivers. *See, e.g.*, *Haitian Bridge*

6

*Alliance*, 2021 WL 12244207, at *3 ("At least for the Doe Plaintiffs who have minor children, the risks to their children from disclosing the identities of the parents weighs heavily in favor of sealing."); *Refugee & Immigrant Center for Educ. & Legal Servs. v. Noem*, No. 25-CV-306, 2025 WL 579648, at *3 (D.D.C. Feb. 20, 2025) ("The pseudonymity of [the adult plaintiffs] implicates the privacy and pseudonymity of their minor children."). As this Court has noted, "[t]his reasoning applies with full force to [the next friend's] argument for anonymity as next friend of [the minor plaintiff]." *Asylumworks*, 2020 WL 13460835, at *2 n.2; *see also, e.g.*, *McCutchen v. Becerra*, No. 1:21-CV-01112, 2021 WL 1718806, at *3 (D.D.C. Apr. 23, 2021); *M.J. v. District of Columbia*, No. 1:18-CV-01901, 2018 WL 11491159 (D.D.C. Aug. 14, 2018).

Here, the next friends are Plaintiffs' parents and relatives, or trusted adults who are working on their immigration case. *See* Complaint ¶¶ 12-16. Some of the child plaintiffs share last names with their next friends who are their parents or close relatives. For the next friends who are children's sponsors, if their sponsor application is ever approved, the child will reside in that sponsor's household. For the next friends who are trusted adults that work on the child's immigration case, their name and information are on numerous records in the child's case file and immigration paperwork, which could easily lead to identification of the child by the shelter staff where the child is detained and by Immigration and Customs Enforcement. Moreover, given the relatively small number of children in each ORR shelter, if the identities of the children, their sponsors, or the individuals working on a child's immigration case became public, the shelter staff could easily identify the child, particularly combined with the details of their case that will remain public.

Thus, the Plaintiffs and their next friends "share common privacy interests due to their

7

intractably linked relationship." *J.W.*, 318 F.R.D. at 201. Where, as here, revealing the identity of the child's parent, sponsor, or next friend would make the child easily identifiable, the court is justified in permitting the next friends to proceed under pseudonym. *See id.*

### D. The Litigants' Identities Are Unrelated to the Disputed Issues and the Use of Pseudonyms Is Not Unfair to the Governmental Defendants

As to the fourth and fifth factors, courts have concluded that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing.'" *Id.* (quoting *Cabrera*, 307 F.R.D. at 8).

Although the public has an interest in lawsuits against the government, "[t]here is nothing about these proceedings [] that creates any need for transparency with respect to the [] identities" of Plaintiffs and the next friends. *M.S. v. District of Columbia*, No. 21-CV-00671, 2021 WL 6808300, at *3 (D.D.C. Mar. 11, 2021). Their identities are incidental to the purely legal question of whether Defendants' interim final rule and sponsor information collection requirements violate the Administrative Procedure Act. As this Court has recognized, the public has an interest in the legal issues being litigated, "not the personal details of the litigants bringing those [] claims." *Haitian Bridge Alliance*, 2021 WL 12244207, at *3; *see also Int'l Refugee Assistance Project*, 2017 WL 818255, at *3 ("[T]he public interest in the identity of the Doe Plaintiffs is reduced because the claim is a pure legal challenge to the Executive Order, such that the individual plaintiffs play only a minor role in the litigation."). The privacy interests of the undocumented immigrant children involved in this case heavily outweigh the *de minimis* public interest in disclosing the identities of Plaintiffs' next friends.

Finally, there is no risk of unfairness to Defendants because they will know the identities of Plaintiffs and the next friends and have access to sealed filings. *See In re Sealed*

*Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (potential for unfairness from proceeding pseudonymously "is not implicated" where the defendant knows the plaintiff's identity).

On balance, all the factors weigh heavily in favor of permitting Plaintiffs and the next friends to proceed pseudonymously.

## II. The *Hubbard* Factors Strongly Support Permitting Plaintiffs and Next Friends to Seal Documents That Would Reveal Their Identities.

For similar reasons that justify proceeding under a pseudonym, Plaintiffs and their next friends request the Court direct that any document revealing their identity or the identities of putative class members, or any information or distinguishing characteristics that could reveal their identities, be filed under seal, with a redacted public filing made simultaneously or promptly thereafter. Plaintiffs further request that the Court direct that Defendants may not share sealed documents, or confidential information contained within sealed documents, with anyone other than counsel for Defendants or with personnel of the Department of Health and Human Services who directly have a need for access to such information for the purposes of preparing the defense of this litigation.

The privacy interests of the undocumented immigrant children in this case strongly support sealing because there is no need for public access to information that could reveal their identities. "If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" *Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989)).

The D.C. Circuit established the six-factor *Hubbard* test to assess the need for a litigant's privacy, requiring courts to weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

9

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

On balance, the *Hubbard* factors strongly support requiring Defendants, Plaintiffs, and their next friends to seal documents and information that could reveal their names or identities.

As to the first factor, there is no need for public access to the portions of the documents that would reveal the names or identities of the minor children, or their next friends. The Federal Rules of Civil Procedure and Local Rules already restrict the public's access to information about children by requiring redaction of their full names. *See* Fed. R. of Civ. P. 5.2(a); LCvR 5.4(f)(2). The redactions that Plaintiffs and their next friends seek would "serve merely to obscure information that identifies [them]" and those details "are not critical in aiding the public's understanding of the allegations made." *Jones v. Trump*, No. 25-CV-401, 2025 WL 485419, at *3 (D.D.C. Feb. 13, 2025). The identities of Plaintiffs and their next friends are incidental to the purely legal claims in this case, as discussed above. Additionally, "[t]his civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest." *M.A. v. Mayorkas*, No. 23-CV-1843, 2023 WL 5321924, at *3 (D.D.C. July 6, 2023) (citing *Hubbard*, 650 F.2d at 317).

The second factor also supports sealing because there has been no previous public access to information about the identities of Plaintiffs or their next friends or putative class members. As previously noted, ORR regulations largely prohibit the disclosure of information about detained immigrant children and their sponsors. *See* 45 C.F.R. § 410.1303(h). For the next friends working with children on their immigration cases, their relationships with the

minor children in this case have also never been public information.

The third factor asks whether someone objects to disclosure. A party's motion to seal weighs in favor of granting that relief, so this factor supports sealing. *See Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).

The fourth factor, "the strength of any property and privacy interests asserted," *Nat'l Children's Center*, 98 F.3d at 1409, supports sealing. The privacy interests of Plaintiffs and putative class members are particularly strong because they are undocumented immigrant children in federal custody. As noted above, federal regulations expressly protect information about these children. *See* 45 C.F.R. § 410.1303(h). As minors, the protection of Plaintiffs' privacy interests is also "enshrined in the Federal Rules of Civil Procedure." *See K.H. v. District of Columbia*, No. 1:19-CV-03124, 2019 WL 11322514, at *3 (D.D.C. Oct. 18, 2019) (citing Fed. R. Civ. P. 5.2(a)(3)). Permitting information about Plaintiffs and their next friends to be filed under seal is merely an additional precaution to ensure the children here receive the protection of anonymity that the Federal Rules seek to provide. Additionally, "a party's privacy interests can include its interests in safety," and as discussed above, Plaintiffs face potential retaliation if their identities are revealed. *M.A. v. Mayorkas*, 2023 WL 5321924, at *4. The fourth factor weighs in favor of sealing.

The fifth factor is neutral because disclosure would not cause "prejudice in future litigation." *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009); *M.A. v. Mayorkas*, 2023 WL 5321924, at *4 (where "disclosure would not appear to prejudice either party . . . [t]his factor is [] neutral.").

The sixth factor, "the purposes for which the documents were introduced" strongly supports sealing. *See Nat'l Children's Ctr.*, 98 F.3d at 1409. "Where a party seeks to seal

limited details within documents — particularly identifying or highly sensitive personal information — that are not central to the court's resolution of substantive claims, [] this factor favors sealing." *Doe v. Noem*, No. CV 25-769, 2025 WL 958249, at *4 (D.D.C. Mar. 31, 2025). Identifying information about Plaintiffs and their next friends are "not relevant to the central claims of the litigation," which supports non-disclosure. *M.A. v. Mayorkas*, 2023 WL 5321924, at *4.

The *Hubbard* factors strongly support permitting Plaintiffs and their next friends to seal limited portions of documents in this case to prevent the identities of the undocumented immigrant children in this case from becoming public.

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

Dated: May 8, 2025

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　_/s/ *David Hinojosa*_____

　　　　　　　　　　　　　　　　　　　David Hinojosa (D.C. Bar No. 1722329)
　　　　　　　　　　　　　　　　　　　Rebecca Wolozin (D.C. Bar No. 144369)*
　　　　　　　　　　　　　　　　　　　NATIONAL CENTER FOR YOUTH LAW
　　　　　　　　　　　　　　　　　　　818 Connecticut Avenue NW, Suite 425
　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　(202) 868-4792
　　　　　　　　　　　　　　　　　　　dhinojosa@youthlaw.org
　　　　　　　　　　　　　　　　　　　bwolozin@youthlaw.org

　　　　　　　　　　　　　　　　　　　Neha Desai**
　　　　　　　　　　　　　　　　　　　Mishan Wroe**
　　　　　　　　　　　　　　　　　　　Diane de Gramont**
　　　　　　　　　　　　　　　　　　　NATIONAL CENTER FOR YOUTH LAW
　　　　　　　　　　　　　　　　　　　1212 Broadway, Suite 600
　　　　　　　　　　　　　　　　　　　Oakland, CA 94612

(510) 835-8098
ndesai@youthlaw.org
mwroe@youthlaw.org
ddegramont@youthlaw.org

Cynthia Liao**
Joel McElvain (D.C. Bar No. 448431)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
cliao@democracyforward.org
jmcelvain@democracyforward.org
sperryman@democracyforward.org

** Application for D.D.C. admission pending
* *Pro hac vice* forthcoming