UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANGELICA S., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:25-cv-01405 |
| v. | ) ) | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**REPLY IN SUPPORT OF PROVISIONAL CLASS CERTIFICATION**

**INTRODUCTION**

As this Court permitted at the May 30, 2025, preliminary injunction hearing, Plaintiffs submit this short reply in support of <u>provisional</u> class certification to clarify several points raised in Defendants' opposition to Plaintiffs' class certification motion (ECF 31) ("Opp."). Plaintiffs will timely submit their reply in support of class certification in accordance with Local Civil Rule 7(d).

Plaintiffs' motion for a preliminary injunction and provisional class certification is now fully briefed and ready for decision. This Court may grant preliminary relief to the putative class without deciding whether a class should be certified. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) ("because courts may issue temporary relief to a putative class, we need not decide whether a class should be certified") (citing 2 W. Rubenstein, Newberg & Rubenstein on Class Actions § 4:30 (6th ed. 2022 and Supp. 2024)). Defendants' opposition to class certification does not addess the standard for provisional class certification.

Even if a review of the Rule 23 requirements were needed for provisional class certification, Plaintiffs nonetheless meet those requirements. *See Damus v. Nielsen*, 313 F. Supp. 3d 317, 328-29 (D.D.C. 2018). Plaintiffs challenge commonly applicable policies and request a preliminary injunction that would apply equally to all members of the putative class and remedy the harm at issue—children's lost opportunity for release because of the Interim Final Rule ("IFR") and new documentation requirements in ORR Policy Guide § 2.2.4.

**ARGUMENT**

1. **Plaintiffs' Lost Opportunity for Release is a Common Injury Redressable by the Proposed Preliminary Injunction**

Defendants' opposition rests primarily on a misunderstanding of Plaintiffs' injury and requested relief. Plaintiffs *do not* request an order of release. Plaintiffs seek only the *opportunity* for release based on individualized adjudication of sponsor suitability without the application of

unlawful policies that categorically disqualify sponsors or prevent sponsors from coming forward because of their immigration status. *See* Proposed PI Order (ECF 10-2); PI Reply at 1-2, 4 (ECF 27). Plaintiffs are not required to show that they are "*certain to receive* that benefit had [they] been accorded the lost opportunity." *CC Distributors, Inc. v. U.S.*, 883 F.2d 146, 150 (D.C. Cir. 1989).

The IFR and new documentation requirements apply to all children in ORR custody and the legality of these policies is a common question susceptible to a common answer. Class Cert Memo at 13-16 (ECF 9-1); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011); Fed. R. Civ. P. 23(b)(2). The Court is not asked to resolve questions related to the suitability of individual sponsors and Defendants have not identified any child-specific defenses to the legality of the policies at issue. *Coleman v. D.C.*, 306 F.R.D. 68, 83 (D.D.C. 2015). Similarly, certification is appropriate under Rule 23(b)(1)(A) because separate actions would create a risk of inconsistent adjudications as to the legality of ORR's general policies, not because there may be a risk of inconsistent release decisions in individual cases. *Cf.* Opp. at 30-31.

2.  **The Proposed Class Is Not Overbroad**

Defendants assert the proposed class is overbroad because it could cover all children in ORR custody. Opp. at 21. But the proposed class is limited to children who "have not been released to a sponsor in whole or in part because they are missing documents *newly* required on or after March 7, 2025." Class Cert Memo at 1 (emphasis added). If a sponsor can and remains willing to provide all required documents but has not yet completed the Family Reunification Application— which has always been required—the delay in release is not attributable to any newly required document and therefore the child would not be a class member.

Similarly, that some parent sponsors may be eligible for an exception to the documentation requirements does not render the class overbroad. No parent is guaranteed an exception and ORR

considers exception requests only at the *end* of the process, after significant delay has already occurred. *See* Rosa M. Decl. ¶¶ 4-10 (ECF 9-13); Biswas Decl. ¶ 23 (ECF 21-1); PI Reply at 4 n.1. Some parents, such as Sofia W., were told they cannot qualify for an exception if they live with family members who lack newly required identification. Sofia W. Decl. ¶ 7 (ECF 9-14). Children seeking release to their parents would therefore benefit from the proposed preliminary injunction and have been denied the opportunity for a timely adjudicated sponsor application because of Defendants' policies. Relatedly, the class definition includes children whose release was delayed "in part" due to the lack of newly required documents because in some cases parents lack required documentation but continue the vetting process in the hopes of eventually obtaining an exception. *See* Rosa M. Decl. ¶¶ 5-9; Sofia W. Decl. ¶¶ 7-8, 11; *cf.* Opp. at 22. All class members share a common interest in timely adjudication of their applications and Defendants have not shown that any putative class member "could not have been injured" by the challenged policies. *Ross v. Lockheed Martin Corp.*, 267 F.Supp.3d 174, 191 (D.D.C. 2017) (internal citation omitted).

3. **The Named Plaintiffs Have Standing and their Claims are Typical of the Class**

At least one Plaintiff has standing as to each claim. *J.D. v. Azar*, 925 F.3d 1291, 1323-24 (D.C. Cir. 2019); Class Cert Memo at 4-8. All the Plaintiffs have standing as to the identification requirements. *See, e.g.,* Biswas Decl. ¶ 22-26. Xavier L., Liam W., and Eduardo M. have standing as to the proof of income requirements. *Id.* at ¶¶ 23-24; Ximena L. Decl. ¶¶ 8-10 (ECF 9-15).[1]

The Plaintiffs have standing as to the IFR's sponsor disqualification provision because their sponsors were disqualified based solely on their immigration status. Specifically, their sponsors

---

[1] ORR's release of Eduardo M. after the filing of Plaintiffs' motions for class certification and preliminary injunction does not prevent him from serving as a class representative. *See, e.g., A.A.R.P.*, 145 S. Ct. at 1369-70; *Lucas R. v. Azar*, No. 18-5741, 2018 WL 7200716, at *16 (C.D. Cal. Dec. 27, 2018). Plaintiffs will address Eduardo's standing more fully in their forthcoming reply in support of class certification.

were disqualified because their passports lacked documentation of work authorization and they could not obtain other newly required identification because of their immigration status. *See* PI Memo at 7-8, 29 (ECF 10-1); PI Reply at 5, 14 & n.2; Biswas Decl. ¶ 22. These requirements could not lawfully be imposed under the version of 45 C.F.R. § 410.1201(b) that existed before the IFR. Angelica S. and Xavier L. have standing as to the IFR's information-sharing provision because their potential sponsors or household members are afraid to provide required information to ORR for fear that it will be shared with immigration authorities. Deisy S. Decl. ¶ 28 (ECF 9-12); Ximena L. Decl. ¶¶ 5, 10. Notably, Ximena L.'s partner previously provided information to ORR based on promises that it would not be used for immigration enforcement but is now too fearful to provide additional information regarding his income. Ximena L. Decl. ¶¶ 5, 10.

The named Plaintiffs' claims are typical because they challenge generally applicable policies that have led to similar harms to putative class members, and any factual variations do not affect their common legal claims. *See* Class Cert. Memo at 16-17. Defendants argue the named Plaintiffs are not typical with regard to the claim of impermissible retroactivity because each Plaintiff entered custody before March 7, 2025. Opp. at 16, 27. This is inaccurate. Leo B. entered custody on March 15, 2025, and is typical of children who entered custody after the new identification requirements were imposed. Opp. at 27; Biswas Decl. ¶ 25. In any event, Defendants identify no conflict among class members based on when they entered custody and this argument does not undermine the typicality of the named Plaintiffs as to their multiple alternative claims.

Defendants further assert the Plaintiffs' claims challenging the IFR are not typical because the IFR does not require sponsors to provide documents. Opp. at 26. But, as discussed, the documentation requirements disqualify sponsors based on immigration status and a stay of the IFR would therefore benefit putative class members. PI Reply at 24-25.

4

Finally, Defendants' contention that a preliminary injunction would harm putative class members is an argument regarding the merits, not class certification. *Cf.* Opp. at 29-30. Defendants have not identified any child who opposes the requested relief and wants their sponsor disqualified. If such a child exists, ORR would presumably not release the child against their wishes. *See* 45 C.F.R. § 410.1202(c) (sponsor assessment must consider wishes and concerns of child). Moreover, Defendants have not shown that their specific documentation requirements are necessary to address the risks identified or explained why new fingerprinting requirements are insufficient. *See* PI Reply at 22-23.

## CONCLUSION

Plaintiffs respectfully request that the Court provisionally certify the putative class and grant the proposed preliminary injunction.

June 6, 2025                                      Respectfully submitted,

/s/ Diane de Gramont

Neha Desai (admitted *pro hac vice*)
Mishan Wroe (admitted *pro hac vice*)
Diane de Gramont (admitted *pro hac vice*)
NATIONAL CENTER FOR YOUTH LAW
1212 Broadway, Suite 600
Oakland, California 94612
(510) 835-8098
ndesai@youthlaw.org
mwroe@youthlaw.org
ddegramont@youthlaw.org

David Hinojosa (D.C. Bar No. 1722329)
Rebecca Wolozin (D.C. Bar No. 144369)
NATIONAL CENTER FOR YOUTH LAW
818 Connecticut Avenue NW, Suite 425
Washington, DC 20006
(202) 868-4792

5

        dhinojosa@youthlaw.org
        bwolozin@youthlaw.org

        Cynthia Liao (admitted *pro hac vice*)
        Joel McElvain (D.C. Bar No. 448431)
        Skye L. Perryman (D.C. Bar No. 984573)
        DEMOCRACY FORWARD FOUNDATION
        P.O. Box 34553
        Washington, D.C. 20043
        (202) 448-9090
        cliao@democracyforward.org
        jmcelvain@democracyforward.org
        sperryman@democracyforward.org