UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELICA S., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 1:25-cv-1405-DLF |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully submit this supplement to their Motion for Class Certification (ECF No. 9) ("Mot. for Class Cert.") and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification (ECF No. 9-1) ("Class Cert. MPA."), filed on May 9, 2025 to reflect the newly added named Plaintiffs in their First Amended Complaint (ECF No. 48) ("Am. Compl."), filed on August 15, 2025. Plaintiffs ask that the newly added named Plaintiffs, Mateo N., Yair G., and David D. be appointed class representatives, along with the existing named Plaintiffs Angelica S., Eduardo M, Liam W., Leo B., and Xavier L.

## FACTS

On May 8, 2025, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief. ECF No. 1, ("Compl."). On May 9, 2025, Plaintiffs moved to certify the Plaintiff class and filed a Memorandum of Points and Authorities in support of that motion. Mot. for Class Cert.; Class Cert. MPA. Defendants filed their opposition to class certification on June 4, 2025. ECF No. 31, Defs.' Opp. to Pls.' Mot. for Class Cert. Plaintiffs filed a brief reply in support of provisional class

1

certification on June 6, 2025. ECF No. 32, Pls.' Reply in Supp. of Provisional Class Cert. The Court certified a provisional class for the purposes of a preliminary injunction on June 9, 2025, finding that the class is sufficiently numerous, the named Plaintiffs are adequate representatives, and the named Plaintiffs' claims are sufficiently common and typical to certify a provisional class. ECF No. 34, Order Granting Prelim. Inj. and Provisional Class Cert. ("PI Order"); ECF No. 35, Memorandum Opinion 19-22. ("PI Opinion").

Pursuant to Fed. R. of Civ. P. 15, Plaintiffs filed their first Amended Complaint on August 15, 2025, adding three named child plaintiffs to the Complaint and amending the detention status of the original child plaintiffs to reflect changes since Plaintiffs filed the initial Complaint. *See* Am. Compl.[1] The newly added child Plaintiffs are Mateo N., Yair G., and David D. *Id.*

Mateo N. is a 17-year-old boy being held in New York as an unaccompanied minor in Office of Refugee Resettlement ("ORR") custody, despite efforts by his U.S. citizen brother to sponsor him. *See generally* Ex. 1, Decl. of Mateo N. (Mateo Decl.); Ex. 2, Decl. of Steven N. (Steven Decl.). Mateo entered ORR custody in May 2025. Mateo Decl. ¶¶ 2, 4. Although Mateo's brother, Steven, provided identity documentation that satisfies ORR's current proof of identification requirements for himself, his wife, with whom he lives, lacks newly required identification documents. Steven Decl. ¶ 8. Steven and his wife have both provided fingerprints and completed a home study with a positive result. *Id.* ¶ 7. They also provided acceptable proof of income documents. *Id.* Mateo and Steven also did a DNA test to confirm that they are biologically related. *Id.*; Mateo Decl. ¶ 6. Despite no apparent concerns about Steven's ability to care for Mateo, Mateo

---

[1] The Amended Complaint also removes Plaintiffs' claims under 5 U.S.C. § 706(2)(B), original Counts III and Count VI. Plaintiffs did not rely on these claims in their motion for a preliminary injunction and provisional class certification motions and their removal does not affect class certification.

2

remains detained and apart from his family because Steven's wife has not been able to provide a form of identification that satisfies ORR's new requirements. Steven Decl. ¶ 9; Mateo Decl. ¶ 7.

Yair G. is a 17-year-old boy being held in New York as an unaccompanied minor in ORR custody, despite his sisters' efforts to be his sponsor and bring him home. *See generally* Ex. 3, Decl. of Yair G. ("Yair Decl."); Ex. 4, Decl. of Milagro G. ("Milagro Decl."). Yair entered ORR custody in May 2025. Yair Decl. ¶¶ 2, 4. Yair's sister, Milagro, provided identification from her country of origin, proof of income, proof of her address, and fingerprints to ORR as part of the sponsorship process. Milagro Decl. ¶¶ 5-7. After providing this information, Milagro was told she could not sponsor Yair because she does not have, and cannot obtain, a form of identity documentation accepted under the list of newly required identity documents. Milagro Decl. ¶ 6; Yair Decl. ¶ 7. Now, Yair remains detained apart from his sister as he pursues reunification with his sister's close friend instead of with his family. Milagro Decl. ¶ 8; Yair Decl. ¶ 7.

David D. is a 14-year-old boy being held in ORR custody in California. Ex. 5, Decl. of David D. ("David Decl.") ¶ 3; Ex. 6, Decl. of Isabel D. ("Isabel Decl.") ¶ 2. David entered ORR custody in May 2025. David Decl. ¶ 3. David has not been able to reunify with his mother, Isabel because she does not have, and has not been able to obtain, a form of identity document accepted under the list of newly required identity documents. Isabel Decl. ¶ 5; David Decl. ¶¶ 4-5. Isabel and David completed DNA tests that confirmed their relationship and Isabel provided her fingerprints for a background check. Isabel Decl. ¶ 3. When Isabel's relatives with whom she lived were unable to provide forms of identification that complied with ORR's new requirements, Isabel moved to a new apartment with household members who could satisfy the requirement. *Id.* ¶ 5. This new apartment is more expensive and requires her to live with a friend instead of with her supportive family. *Id.* Still unable to sponsor her son, Isabel was finally permitted to apply for an exception to the new proof of identification requirement. *Id.* ¶ 7. She completed an in-person ID verification

3

meeting with ORR in July, but she has still not yet received a decision regarding the exception or sponsorship approval. *Id*. David remains in ORR custody, separated from his loving mother. *See generally* David Decl.; Isabel Decl.

## ARGUMENT

Like the original named Plaintiffs, newly added Plaintiffs and putative class representatives Mateo N., Yair G., David D. challenge the Interim Final Rule issued by HHS on March 25, 2025, and ORR's new sponsor proof of identification and proof of income policies issued on March 7, 2025, and April 15, 2025, respectively. Mateo, Yair, and David have the same relevant characteristics as previously named Plaintiffs and putative class representatives, as alleged and incorporated here by reference to the First Amended Complaint, ECF No. 48. They seek to represent the same class as the original named Plaintiffs: "all unaccompanied children who are or will be in the custody of HHS and who (a) have or had a potential sponsor who has been identified; and (b) the sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025." *See* PI Order; Pls.' Amended Proposed Order, ECF 37-1. *See also*, Mateo Decl.; Steven Decl.; Yair Decl.; Milagro Decl.; David Decl.; Isabel Decl.

Mateo N., Yair G., and David D. entered ORR custody in May 2025. *Id.* As with the other putative class representatives (*see* Pls.' Class Cert MPA at 4-8), these children's sponsors and their household members have provided significant biographical and biometric information to ORR through the family reunification process, but the children are unable to reunify because their sponsors are unable to provide the newly required documents due to their immigration status, or the immigration status of their household members. Mateo Decl. ¶ 7; Steven Decl. ¶ 8; Yair Decl. ¶ 7; Milagro Decl. ¶ 6; David Decl. ¶ 5; Isabel Decl. ¶ 4. Therefore, the new putative class

4

representatives suffer "the same injury—extended detention by ORR—as a result of the new sponsor requirements." PI Opinion at 20.

For the same reasons articulated in previously filed papers, the newly identified putative class members' claims are typical of the claims of the members of the proposed class. *See* Pls. Class Cert. MPA at 16-17; Pls.' Reply in Supp. of Class Cert. at 6-13 ("Class Cert. Reply"). As this Court recognized, "typicality and commonality inquiries tend to merge." PI Opinion at 21 (citations omitted). Mateo, Yair, and David present the same claims as the previously named Plaintiffs, and these claims are typical of the class as a whole. They continue to suffer extended detention and separation from their family members as a direct result of these policies. *See generally* Mateo Decl.; Steven Decl.; Yair Decl.; Milagro Decl.; David Decl.; Isabel Decl.

Mateo N., Yair G., and David D. differ from the original named Plaintiffs only with regard to their date of entry into HHS custody. At the provisional class certification stage, the Court limited the provisionally certified class to children who were transferred to HHS custody on or before April 22, 2025, to ensure typicality regarding Plaintiffs' reliance-based claims. PI Opinion at 22. ORR's failure to consider reliance interests represents an important but only partial component of the Administrative Procedure Act claims brought by the class. For example, as this Court noted when discussing ORR's new more limited list of acceptable forms of proof of identity, ORR failed to adequately "explain how the I-9 documents—which are used for employment eligibility—are a rational choice to balance the competing interests of avoiding unnecessary delay and effectively preventing fraud." PI Opinion at 15. This issue affects all class members—including all named Plaintiffs—who are experiencing prolonged detention due to the proof of identity policy, regardless of when they entered HHS custody. Thus, the named Plaintiffs' claims are typical of the class, regardless of when each named Plaintiff entered HHS custody. *See* Pls.' Class Cert. Reply at 7-10.

5

At the very least, Mateo, Yair, and David's claims are typical of the claims of children who were transferred to ORR custody after April 22, 2025. *Id.* The original and newly added putative class representatives are therefore collectively typical of the claims of absent class members. *See* Pls. Class Cert. Reply at 6, 10; *e.g. D.L. v. District of Columbia*, 302 F.R.D. 1, 14 (D.D.C. 2013) ("The Rule requires that the named plaintiffs' claims be typical, not identical, and as such, this Court has found the typicality requirement satisfied where 'at least one named plaintiff has a claim relating to each challenged practice for which relief is [sought].'") (internal citation omitted).

To the extent the Court deems it necessary to ensure typicality, Plaintiffs request the Court certify a main Class of unaccompanied children in HHS custody affected by the new sponsorship requirements without any date limitation and a Reliance subclass of children who were in or transferred to the custody of HHS on or before April 22, 2025. *See* Pls.' Class Cert Reply at 2. Plaintiffs propose Mateo, Yair, and David as class representatives for the main Class only.

Finally, Mateo N., Yair G., David D. will adequately protect the interests of the proposed class for the same reasons articulated in Plaintiffs' previous filings, and previously uncontested by Defendants. Pls.' Class Cert. MPA at 18-19; PI Opinion at 22. *See also* Mateo Decl. at ¶ 14; Yair G. at ¶ 13.

## CONCLUSION

Plaintiffs respectfully request the Court certify a class of "all unaccompanied children who are or will be in the custody of HHS and who (a) have or had a potential sponsor who has been identified; and (b) the sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025," and appoint Angelica S., Eduardo M, Liam W., Leo B., Xavier L, Mateo N., Yair G., and David D. as class representatives.

Sept. 8, 2025

Respectfully submitted,

_____//s// *Rebecca Ruth Wolozin*_____

REBECCA RUTH WOLOZIN (D.C. Bar No. 144369)
National Center for Youth Law
818 Connecticut Ave. NW, Suite 425
Washington, DC 20009
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

MISHAN WROE (admitted *pro hac vice*)
DIANE DE GRAMONT (admitted *pro hac vice*)
1212 Broadway, Suite 600
Oakland, California 94612
(510) 835-8098
mwroe@youthlaw.org
ddegramont@youthlaw.org

CYNTHIA LIAO (admitted *pro hac vice*)
JOEL McELVAIN (D.C. Bar No. 448431)
SKYE L. PERRYMAN (D.C. Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
cliao@democracyforward.org
jmcelvain@democracyforward.org
sperryman@democracyforward.org

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, the foregoing was served via the Court's ECF system, which automatically caused an electronic copy to be sent to all counsel of record in this case.

*/s/ Rebecca Wolozin*

REBECCA RUTH WOLOZIN (D.C. Bar No. 144369)
National Center for Youth Law
818 Connecticut Ave. NW, Suite 425
Washington, DC 20009
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org