UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELICA S., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:25-cv-01405 |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) ORAL ARGUMENT REQUESTED |
| HUMAN SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Angelica S., Eduardo M., Liam W., Leo B., Xavier L., Mateo N., Yair G., David D., and Immigrant Defenders Law Center hereby move the Court, pursuant to 5 U.S.C. §§ 705-706, Federal Rule of Civil Procedure 56, and Local Civil Rule 7(h) for summary judgment against Defendants U.S. Department of Health and Human Services ("HHS"), Robert F. Kennedy, Jr., Secretary of HHS, and Angie Salazar, Acting Director of the Office of Refugee Resettlement ("ORR").

Plaintiffs are, or were at the time the Complaint was filed, unaccompanied immigrant children in ORR custody and a nonprofit legal organization representing unaccompanied immigrant children. Plaintiffs challenge an HHS Interim Final Rule ("IFR") and ORR policies that unnecessarily separate children from their parents or other caring potential sponsors because of the sponsor or household member's immigration status and inability to access specific forms of proof of identification and/or proof of income. Plaintiffs filed a motion for class certification on May 9, 2025. (ECF 9). The Court granted provisional class certification on June 9, 2025. (ECF 34). Plaintiffs filed a supplemental brief in support of class certification on September 8, 2025. (ECF 56).

As Plaintiffs discuss in greater detail in their accompanying memorandum of law and Separate Statement of Undisputed Material Facts, the IFR and ORR's new proof of identification

1

and proof of income policies are unlawful and were issued in violation of the Administrative Procedure Act. Detained Plaintiff children and putative class members are suffering institutional detention, family separation, emotional distress, and other irreparable harm because of their unnecessary and ongoing separation from their parents and other close family members.

Plaintiffs request the Court grant Plaintiffs' motions for class certification and summary judgment, certify the proposed class, and enter an order (1) vacating the Interim Final Rule ("IFR") promulgated by HHS on March 25, 2025 and published at 90 Fed. Reg. 13,554; and (2) vacating the proof of identification requirements and proof of income requirements currently contained in the March 7, 2025, and April 15, 2025, revisions of ORR's Unaccompanied Alien Children Bureau Policy Guide Section 2.2.4. Plaintiffs further request the Court declare the afore-mentioned policies unlawful and enjoin ORR as follows: (1) requiring ORR and its grantees and contractors to cease applying the vacated proof of identification and proof of income requirements to applications to sponsor a member of the certified class; (2) requiring ORR to, within one day of the Court's order, inform its care providers of the Court's order and direct its care providers, contractors, and grantees to immediately cease applying the vacated policies to sponsorship applications; (3) requiring ORR to promptly, and within no later than 10 days, inform all potential sponsors of unaccompanied children who were disqualified or denied based on ORR's unlawful proof of identification and proof of income policies that they may now continue with their sponsorship applications and report its compliance to the Court; and (4) requiring ORR to adjudicate any sponsorship application denied, closed, or otherwise delayed in whole or in part because of the IFR or the above-described unlawful identification and/or proof of income policies without regard to the vacated policies and in accordance with regulatory timelines, and report its compliance to the Court.

The Parties have met and conferred regarding this motion and Defendants indicated they plan to oppose this motion. The Parties agreed to the briefing schedule subsequently ordered by the Court. *See* Joint Status Report, ECF 54.

WHEREFORE, Plaintiffs respectfully request that this motion be granted.

| | |
|---|---|
| Date: September 12, 2025 | Respectfully submitted,<br><br>/s/ *Mishan Wroe*<br>Mishan Wroe (admitted *pro hac vice*)<br>Diane de Gramont (admitted *pro hac vice*)<br>NATIONAL CENTER FOR YOUTH LAW<br>1212 Broadway, Suite 600<br>Oakland, California 94612<br>(510) 835-8098<br>mwroe@youthlaw.org<br>ddegramont@youthlaw.org<br><br>Rebecca Wolozin (D.C. Bar No. 144369)<br>David Hinojosa (D.C. Bar No. 1722329)<br>NATIONAL CENTER FOR YOUTH LAW<br>818 Connecticut Avenue NW, Suite 425<br>Washington, DC 20006<br>(202) 868-4792<br>dhinojosa@youthlaw.org<br>bwolozin@youthlaw.org<br><br>Cynthia Liao (admitted *pro hac vice*)<br>Joel McElvain (D.C. Bar No. 448431)<br>Skye L. Perryman (D.C. Bar No. 984573)<br>DEMOCRACY FORWARD FOUNDATION<br>P.O. Box 34553<br>Washington, D.C. 20043<br>(202) 448-9090<br>cliao@democracyforward.org<br>jmcelvain@democracyforward.org<br>sperryman@democracyforward.org<br><br>*Counsel for Plaintiffs* |