# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*,<br><br>Plaintiffs,<br><br>v.<br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | No. 25-cv-01405 (DLF) |

**DECLARATION OF JOEL McELVAIN**

I, Joel McElvain, do hereby declare as follows:

1. I am a Senior Legal Advisor at Democracy Forward Foundation. I represent Plaintiffs in the above-titled action, and I submit this Declaration in support of Plaintiffs' motion for summary judgment. I have personal knowledge of the facts stated herein and, if called to testify, could and would testify competently thereto.

2. This Court entered an order partially granting Plaintiffs' motion for a preliminary injunction on June 9, 2025. ECF No. 34.

3. Attached as Exhibit A to this declaration is a true copy of the email correspondence between counsel for Plaintiffs and counsel for Defendants during the sixteen days following this Court's order. (Exhibit A excludes one email from counsel for Defendants providing an update on the status of the named Plaintiffs that contains identifying information regarding some of the Plaintiffs who are proceeding under a pseudonym.)

4. As reflected in Exhibit A, counsel for Plaintiffs contacted counsel for Defendants on June 11, 2025, to ask them to confirm that the Office of Refugee Resettlement had ceased enforcing

the proof of identification and proof of income requirements that were the subject of this Court's preliminary injunction.

5. As also reflected in Exhibit A, despite repeated requests from Plaintiffs, ORR did not issue instructions to its care provider network revoking the challenged documentation requirements for class members until June 23, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September at Washington, D.C.

_*/s/ Joel McElvain*_____________
JOEL McELVAIN

# EXHIBIT A



**Joel McElvain <jmcelvain@democracyforward.org>**

# Angelica S. v. HHS

**Joel McElvain** <jmcelvain@democracyforward.org> Wed, Jun 11, 2025 at 5:36 PM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>

Christina, Lindsay, and Joshua,

I hope you are doing well.

In light of the preliminary injunction issued on Monday, we expect ORR to immediately stop enforcing its challenged proof of identification and proof of income requirements as to class members. Please confirm that ORR has informed its care providers of the changed requirements applicable to class member sponsorship applications.

Additionally,. the named plaintiffs who remain in custody - Angelica S., Liam W., and Leo B. - are entitled to have their sponsor's applications immediately reopened and timely adjudicated. Please confirm that the named plaintiffs' case managers are aware of the Court's order and will permit their sponsors to reopen their applications. Because Liam W. seeks release to his mother and Leo B. seeks release to his sister who was previously his primary caregiver, their applications should be adjudicated within 10 days of receipt, consistent with 45 C.F.R. § 410.1205(b). Angelica S. seeks release to her sister and should have her application adjudicated within 14 days. Id. Given that these sponsors were previously approved (in the case of Leo B.'s sister) or have already undergone thorough vetting, we expect their applications should require less time.

Leo B. will turn 18 on July 3, 2025, and it is therefore especially urgent that his sister's application be timely processed so that her application can be adjudicated before he ages out of ORR custody.

Thank you,

Joel



**Joel McElvain**
Senior Legal Advisor
Democracy Forward
he/him

(202) 935-2082
jmcelvain@democracyforward.org
democracyforward.org

NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

DEMOCRACY FORWARD

**Joel McElvain <jmcelvain@democracyforward.org>**

# Angelica S. v. HHS

**Joel McElvain** <jmcelvain@democracyforward.org> Fri, Jun 13, 2025 at 10:29 AM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>

Chrstina, Lindsay, and Joshua,

We would appreciate a response to this email to confirm that ORR is taking the steps described below. We are continuing to hear reports from legal service providers that case managers have not been told about the preliminary injunction. Please provide confirmation of ORR's compliance, as we are hoping that this can be resolved without bringing this to the attention of the court.

Regards,
Joel

[Quoted text hidden]



**Joel McElvain <jmcelvain@democracyforward.org>**

---

## Angelica S. v. HHS

---

**Vick, Lindsay (CIV)** <Lindsay.Vick@usdoj.gov> Fri, Jun 13, 2025 at 10:35 AM
To: Joel McElvain <jmcelvain@democracyforward.org>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>

Good morning, Joel,

Thank you for your message. We are in receipt of your emails and are assessing the Court's orders. We'll be in touch as soon as we can with more information.

Best,

Lindsay M. Vick

Senior Litigation Counsel

Office of Immigration Litigation – General Litigation and Appeals

United States Department of Justice

P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044

Office: 202-532-4023
Cell: 202-598-0252

*The information contained in this message may be privileged and confidential. If you are NOT the intended recipient, please notify the sender immediately and destroy this message.*

[Quoted text hidden]




**Joel McElvain <jmcelvain@democracyforward.org>**

# Angelica S. v. HHS

**Joel McElvain** <jmcelvain@democracyforward.org> Fri, Jun 13, 2025 at 1:14 PM
To: "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>

Lindsay,

Thank you for your email. As I noted in my prior email, Leo B. turns 18 in less than three weeks and it is essential that ORR immediately allow his sister to proceed with her application and timely adjudicate it. The Court specifically noted the prejudice Leo B. is facing from the new requirements given that he was previously released to his sister and lived with her in the community for two years. See PI Opinion at 15-16. His imminent age-out significantly increases this prejudice. Please confirm by 5pm ET today that Leo B.'s case manager is proceeding with his sister's application.

In addition, the Court ordered ORR to inform all previously disqualified or denied potential sponsors that they may continue their sponsorship applications within 10 days of the order. We believe there are likely hundreds of affected sponsors. To feasibly comply with this order, ORR must immediately inform case managers of the new requirements and direct them to start contacting affected sponsors. Please confirm ORR that is doing so.

Thank you,
Joel
[Quoted text hidden]

DEMOCRACY FORWARD

**Joel McElvain <jmcelvain@democracyforward.org>**

## Angelica S. v. HHS

**Vick, Lindsay (CIV)** <Lindsay.Vick@usdoj.gov> Fri, Jun 13, 2025 at 3:08 PM
To: Joel McElvain <jmcelvain@democracyforward.org>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>

Hi Joel,

I've been discussing the case with ORR, and they have confirmed that they are moving forward with the sponsorship application in Leo B's case as promptly as appropriate at this time.

Thank you,

[Quoted text hidden]

Democracy Forward Mail - Angelica S. v. HHS



**Joel McElvain <jmcelvain@democracyforward.org>**

---

## Angelica S. v. HHS

---

**Joel McElvain** <jmcelvain@democracyforward.org> Fri, Jun 13, 2025 at 5:10 PM
To: "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>

Thank you, Lindsay. Please let us know as soon as possible that ORR has issued guidance to its care providers regarding compliance with the injunction.

[Quoted text hidden]

Democracy Forward Mail - Angelica S. v. HHS



**Joel McElvain <jmcelvain@democracyforward.org>**

## Angelica S. v. HHS

**Joel McElvain** <jmcelvain@democracyforward.org> Mon, Jun 16, 2025 at 6:05 PM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>

Christina,

Thank you - we appreciate the update regarding the named plaintiffs. However, we are continuing to hear concerning reports from legal service providers that--even as of today--the applications of other class members are not being adjudicated in accordance with the Court's order and case managers report having no guidance as to compliance with the preliminary injunction.

As we have stated, the preliminary injunction required ORR to immediately stop enforcing the new proof of identification and proof of income requirements as to "all members of the certified class." For sponsors who have completed applications, the Court ordered ORR "to adjudicate the application without regard to the revised requirements." Based on the information we have received, ORR is not in compliance with the preliminary injunction.

ORR is also required to inform "all potential sponsors of class members" disqualified or denied based on the new requirements that they may continue their applications within 10 days of the Court's order, that is, Thursday, June 19. It will not be possible to meet this deadline unless ORR begins contacting potential sponsors immediately.

Please confirm by tomorrow that ORR has issued guidance to its care providers and when and to whom this guidance was sent. Please also confirm that case managers have begun the process of informing previously disqualified or denied sponsors that they may continue with their applications to meet Thursday's deadline.

Regards,
Joel
[Quoted text hidden]



**Joel McElvain <jmcelvain@democracyforward.org>**

---

## Angelica S. v. HHS

---

**Joel McElvain** <jmcelvain@democracyforward.org> Wed, Jun 18, 2025 at 4:38 PM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>

Christina,

Your silence on this issue is deeply concerning. Plaintiffs were hoping to avoid motion practice to enforce the PI but without confirmation that ORR has issued guidance to its care providers (including confirming when and to whom that guidance was sent) Plaintiffs are forced to conclude the agency is not complying with the Court's order. Please confirm that case managers have begun the process of informing previously disqualified or denied sponsors that they may continue with their applications to meet tomorrow's deadline and share any applicable guidance sent to care providers. If you continue to ignore these requests, we have no choice but to file a motion to enforce.

Joel

[Quoted text hidden]

Democracy Forward Mail - Angelica S. v. HHS



**Joel McElvain <jmcelvain@democracyforward.org>**

---

## Angelica S. v. HHS

---

**Silvis, William (CIV)** <William.Silvis@usdoj.gov> Wed, Jun 18, 2025 at 5:55 PM
To: Joel McElvain <jmcelvain@democracyforward.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>

Hi Joel,

The Government is aware of the requirements of the Court's preliminary injunction and is working diligently toward meeting the deadline. If there are any issues in its ability to do so we will contact Plaintiffs' counsel. We expect to provide a more substantive update by the end of the day on Friday, June 20, 2025.

Best – Will

[Quoted text hidden]

DEMOCRACY FORWARD

**Joel McElvain <jmcelvain@democracyforward.org>**

---

# Angelica S. v. HHS

---

**Parascandola, Christina (CIV)** <Christina.Parascandola@usdoj.gov> Fri, Jun 20, 2025 at 12:23 PM
To: Joel McElvain <jmcelvain@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>
Cc: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Hi Joel,

ORR has identified 21 class members, including the 5 named Plaintiffs, who have potential Category 1, Category 2A ,or Category 2B sponsors.

ORR sent each class member's potential sponsor a personally addressed, written notice of the court's order and that the potential sponsor may continue with their sponsorship application. ORR did not send notices to the sponsors of the two class members who have been released to sponsors. See our email to you on Monday, June 16, 2025 (below).

ORR provided the written notice in English and Spanish. ORR sent the notices via UPS Next Day Air, to the address ORR has on file for the sponsor.

Sincerely,

Christina

Christina Parascandola

Senior Litigation Counsel

Office of Immigration Litigation – General Litigation and Appeals Section

U.S. Department of Justice

202-514-3097 |christina.parascandola@usdoj.gov

[Quoted text hidden]

DEMOCRACY FORWARD

**Joel McElvain <jmcelvain@democracyforward.org>**

---

# Angelica S. v. HHS

---

**Joel McElvain** <jmcelvain@democracyforward.org> Fri, Jun 20, 2025 at 2:28 PM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Christina,

Thank you for this update. The Court's order, however, applies to ***all*** potential sponsors of class members and neither the class definition nor the order is limited to Category 1 and Category 2 sponsors. When will ORR inform previously disqualified or denied Category 3 sponsors?

Additionally, can you confirm that letters were sent to all previously disqualified or denied potential Category 1 and 2 sponsors and not just the most recent potential sponsor on file? It is our understanding that many class members have gone through several potential sponsors as they try to find a sponsor that can fulfill ORR's new requirements, and the potential sponsor with the closest relationship may have been the first potential sponsor, not the most recent sponsor.

With regard to paragraphs (1) and (3) of the preliminary injunction, can you confirm that ORR has instructed its staff and facility case managers to process applications, including of Category 3 sponsors, without regard to the enjoined requirements? Please provide a copy of the guidance issued so we can evaluate whether to move forward with a motion to enforce.

Joel
[Quoted text hidden]



**Joel McElvain <jmcelvain@democracyforward.org>**

---

# Angelica S. v. HHS

---

**Parascandola, Christina (CIV)** <Christina.Parascandola@usdoj.gov> Fri, Jun 20, 2025 at 9:36 PM
To: Joel McElvain <jmcelvain@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>
Cc: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Hi Joel,

ORR sent packets to potential sponsors who have received a formal denial letter and potential sponsors identified in the complaint.

For other potential sponsors for whom ORR does not have an address, including Category 3 sponsors, ORR has been making phone calls. ORR informs us that it has completed calls to all the affected potential sponsors in its records.

Further, ORR informs us that its grantees have posted notices at each and every grantee program, except where the grant has been suspended and the grantee has not housed UACs since March 7, 2025.

ORR also informs us that it will also send an email to its network of care providers on Monday.

Sincerely,

Christina

Christina Parascandola

Senior Litigation Counsel

Office of Immigration Litigation – General Litigation and Appeals Section

U.S. Department of Justice

202-514-3097 |christina.parascandola@usdoj.gov

[Quoted text hidden]



Joel McElvain <jmcelvain@democracyforward.org>

# Angelica S. v. HHS

**Parascandola, Christina (CIV)** <Christina.Parascandola@usdoj.gov> Mon, Jun 23, 2025 at 9:54 PM
To: Joel McElvain <jmcelvain@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>
Cc: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Hi Joel, just confirming that ORR sent an email to its network of care providers this afternoon. ORR noted that it is prohibited from applying new documentation requirements with respect to *Angelica S.* class members and has been ordered to adjudicate the affected applications without regard to the revisions made to the UAC Policy Guide on March 7 and April 15, 2025. -Christina

[Quoted text hidden]



**Joel McElvain <jmcelvain@democracyforward.org>**

## Angelica S. v. HHS

**Joel McElvain** <jmcelvain@democracyforward.org> Tue, Jun 24, 2025 at 1:12 PM
To: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Christina,

Thank you for those updates.

We would like to hold a meet and confer call this week to confirm ORR's progress on compliance with the preliminary injunction as we evaluate whether a motion to enforce will be necessary. We think it would be most productive if someone from ORR could participate in that call. Please provide your availability for a call this week.

Specifically, we would like to discuss the following topics:

1. We understand from your June 20, 2025, email that ORR has now contacted all potential sponsors of class members who were denied or disqualified because of the enjoined proof of identification and proof of income policies. If this understanding is incorrect, please provide an update as to when ORR expects to contact all affected sponsors.

Additionally, if a potential sponsor does not answer ORR's phone call, what is ORR's plan to ensure they are actually informed? Will ORR send the sponsor a letter by mail (at least with respect to potential sponsors who case managers have both phone numbers and addresses for)? If so, when will that be complete?

We would like to confirm that the outreach done by ORR includes all sponsor categories and prior sponsors in addition to current sponsors.

2. Since the Court's order, has ORR adjudicated any applications of class member sponsors that were previously complete but for the proof of identification and/or income requirements?

3. Based on our conversations with Sofia W., it is our understanding that Liam W.'s reunification case has still not progressed since the Court's order. Please provide an update on the status of his case.

4. As we receive information about noncompliance and/or if children's legal service providers continue to encounter issues with compliance with the preliminary injunction, how should we and/or the LSPs communicate those noncompliance issues so that they are addressed most efficiently?

Thank you,
Joel

[Quoted text hidden]

DEMOCRACY FORWARD

**Joel McElvain <jmcelvain@democracyforward.org>**

---

# Angelica S. v. HHS

---

**Parascandola, Christina (CIV)** <Christina.Parascandola@usdoj.gov> Fri, Jun 27, 2025 at 3:14 PM
To: Joel McElvain <jmcelvain@democracyforward.org>
Cc: Cynthia Liao <cliao@democracyforward.org>, Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, David Hinojosa <dhinojosa@youthlaw.org>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>

Hi Joel,

ORR has provided responses your questions below.

Please see the attached email that ORR sent to the UC Care Provider Network on Monday, June 23, 2025.

Sincerely,

Christina

Christina Parascandola

Senior Litigation Counsel

Office of Immigration Litigation – General Litigation and Appeals Section

U.S. Department of Justice

202-514-3097 |christina.parascandola@usdoj.gov

---

**From:** Joel McElvain <jmcelvain@democracyforward.org>
**Sent:** Tuesday, June 24, 2025 1:12 PM
**To:** Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>
**Cc:** Cynthia Liao <cliao@democracyforward.org>; Mishan Wroe <mwroe@youthlaw.org>; Diane de Gramont <ddegramont@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; David Hinojosa <dhinojosa@youthlaw.org>; McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Angelica S. v. HHS

Christina,

Thank you for those updates.

We would like to hold a meet and confer call this week to confirm ORR's progress on compliance with the preliminary injunction as we evaluate whether a motion to enforce will be necessary. We think it would be most productive if someone

from ORR could participate in that call. Please provide your availability for a call this week.

Specifically, we would like to discuss the following topics:

1. We understand from your June 20, 2025, email that ORR has now contacted all potential sponsors of class members who were denied or disqualified because of the enjoined proof of identification and proof of income policies. If this understanding is incorrect, please provide an update as to when ORR expects to contact all affected sponsors.

As of yesterday all but one of the hard copy letters have been delivered.

Additionally, if a potential sponsor does not answer ORR's phone call, what is ORR's plan to ensure they are actually informed? Will ORR send the sponsor a letter by mail (at least with respect to potential sponsors who case managers have both phone numbers and addresses for)? If so, when will that be complete?

We would like to confirm that the outreach done by ORR includes all sponsor categories and prior sponsors in addition to current sponsors.

ORR contacted all sponsors where contact information was available. Multiple phone calls were attempted for each individual. Where after three attempts ORR still was unsuccessful in reaching the sponsor, a text message/whatsapp message was sent.

2. Since the Court's order, has ORR adjudicated any applications of class member sponsors that were previously complete but for the proof of identification and/or income requirements?

ORR has returned multiple release denial recommendations to FFSs for reconsideration in light of the Order. Care providers were provided with the attached Notice/instructions on reevaluating cases of class members.

3. Based on our conversations with Sofia W., it is our understanding that Liam W.'s reunification case has still not progressed since the Court's order. Please provide an update on the status of his case.

ORR is currently waiting to hear back from the FFS on any further updates in his case. ORR's last update, as of June 16, 2025, is that Liam's case is on track and prioritized.

4. As we receive information about noncompliance and/or if children's legal service providers continue to encounter issues with compliance with the preliminary injunction, how should we and/or the LSPs communicate those noncompliance issues so that they are addressed most efficiently?

ORR suggests that they be routed to the UACSettlements@acf.hhs.gov inbox.

Thank you,

Joel

[Quoted text hidden]

---------- Forwarded message ----------
From: "UC Policy (ACF)" <UACPolicy@acf.hhs.gov>
To:
Cc:
Bcc:
Date: Mon, 23 Jun 2025 19:00:51 +0000
Subject: Guidance for Adjudication of Sponsorship Application for children in the Angelica S. Class

**The below message was sent to the UC Care Provider Network on Monday, June 23, 2025.**

Dear Care Providers,

Please review the attached policy requirements, which must be used to guide the adjudication of sponsorship applications of unaccompanied alien children who are members of the *Angelica S.* provisional class.

On June 9, 2025, the U.S. District Court for the District of Columbia provisionally certified the *Angelica S.* class as all unaccompanied alien children who were in, or transferred to, the custody of HHS on or before April 22, 2025, and who both:

1. Have or had a potential sponsor who has been identified; and
2. Whose sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025, under the revised UAC Policy Guide policies relating to identification or proof of income standards.

For children in the *Angelica S.* class, the ID requirements for their prospective sponsors may follow the standards and policies in place **prior to March 7, 2025**, and proof of income may include documents verifying income which follow the standards and policies in place **prior to April 15th, 2025**.

In accordance with the Court's order, ORR is prohibited from applying new documentation requirements with respect to *Angelica S.* class members and has been ordered to adjudicate the affected applications without regard to the revised requirements (meaning revisions made to the UAC Policy Guide on March 7 and April 15, 2025).

All applicable sponsor applications for these class members must be reconsidered using prior ID and proof of income verification requirements (attached). Sponsors who were previously disqualified or denied, had an application closed, withdrew their application, saw their application delayed, or otherwise cannot complete the reunification process due to the new ID or proof of income requirements may resume the application process under this guidance.

Importantly, the class does not include children who were admitted to ORR on April 23 or later and does not prevent the policy guide changes from going into effect except as applies to the class members above. Children who entered care on April 23 or later should be adjudicated according to existing policy guide standards.

**NOTE:** Field Guidance 26, issued on February 14, 2025, requires that only original and unexpired IDs be presented as part of the sponsor application process. This guidance applies to all prospective sponsors, regardless of *Angelica S.* class membership.

---

**3 attachments**

**ORR-FG-26-Revised-Fingerprint-Requirements-for-Sponsors-and-HHM--02-14-2025.pdf**
467K

**UAC Policy Guide Section 2.2.4 & Footnotes -Angelica S.pdf**
856K

**Guidance for Adjudication of Sponsorship Application for children in the Angelica S. Class.eml**
1823K

Dear Care Providers,

Please review the attached policy requirements, which must be used to guide the adjudication of sponsorship applications of unaccompanied alien children who are members of the *Angelica S*. provisional class.

On June 9, 2025, the U.S. District Court for the District of Columbia provisionally certified the *Angelica S*. clas all unaccompanied alien children who were in, or transferred to, the custody of HHS on or before April 22, 202 and who both:

1. Have or had a potential sponsor who has been identified; and

2. Whose sponsor's family reunification application has been denied, closed, withdrawn, delayed, or ca be completed because the sponsor is missing documents newly required on or after March 7, 2025, u the revised UAC Policy Guide policies relating to identification or proof of income standards.

For children in the *Angelica S*. class, the ID requirements for their prospective sponsors may follow the standar and policies in place **prior to March 7, 2025**, and proof of income may include documents verifying income w follow the standards and policies in place **prior to April 15th, 2025**.

In accordance with the Court's order, ORR is prohibited from applying new documentation requirements with respect to *Angelica S*. class members and has been ordered to adjudicate the affected applications without regar the revised requirements (meaning revisions made to the UAC Policy Guide on March 7 and April 15, 2025).

All applicable sponsor applications for these class members must be reconsidered using prior ID and proof of income verification requirements (attached). Sponsors who were previously disqualified or denied, had an application closed, withdrew their application, saw their application delayed, or otherwise cannot complete the reunification process due to the new ID or proof of income requirements may resume the application process ur this guidance.

Importantly, the class does not include children who were admitted to ORR on April 23 or later and does not prevent the policy guide changes from going into effect except as applies to the class members above. Children entered care on April 23 or later should be adjudicated according to existing policy guide standards.

**NOTE:** Field Guidance 26, issued on February 14, 2025, requires that only original and unexpired IDs be prese as part of the sponsor application process. This guidance applies to all prospective sponsors, regardless of *Ange S*. class membership.

**2 Attachments** • Scanned by Gmail Add all to Drive

*Revised 08/01/2024*

## 2.2.4 Required Documents for Submission with the Application for Release

In addition to completing and signing the Family Reunification Application (FRA) and the Authorization for Release of Information (ARI), potential sponsors must provide documentation of identity, address, and relationship to the child they seek to sponsor.[3] Potential sponsors must also submit documentation verifying the identity of the children they seek to sponsor, and evidence verifying the identity of all adults residing with the sponsor and all adult caregivers identified in a sponsor care plan. In addition to their use as evidence of the foregoing, all documentation submitted under this section is used as part of the overall sponsor assessment process. See **Section 2.4 Sponsor Assessment Criteria and Home Studies**. As a result, ORR may in its discretion require potential sponsors to submit additional documentation beyond the minimums specified below.

**Proof of Sponsor Identity**

To verify their identity, all potential sponsors must submit original versions or legible copies of government-issued identification documents. They may present either one (1) selection from List A or two (2) or more documents from List B. If a potential sponsor presents selections from list B, at least one (1) selection must contain a legible photograph. Expired documents are acceptable for the purpose of establishing identity.

**LIST OF ACCEPTABLE DOCUMENTS**

| LIST A |
| --- |
| U.S. Passport or U.S. Passport Card |
| Permanent Resident Card or Alien Registration Receipt Card (Form I-551) |
| Foreign Passport that contains a photograph |
| Employment Authorization Document that contains a photograph (Form I-766) |
| U.S. Driver's License or Identification Card |

OR

**LIST B**

U.S. Certificate of Naturalization

U.S. Military Identification Card

Birth Certificate

Marriage Certificate

Court order for name change

Foreign national identification card

Consular passport renewal receipt that contains a photograph

Mexican consular identification card

Foreign driver's license that contains a photograph

Foreign voter registration card that contains a photograph

Canadian border crossing card that contains a photograph

Mexican border crossing card that contains a photograph with valid Form I-94

Refugee travel document that contains a photograph

Foreign driver's license that contains a photograph

Other similar documents (includes ORR Verification of Release form with a photograph for individuals under the age of 21[4]

**Proof of identify of adult household members and adult caregivers identified in a sponsor care plan**

As a general matter, ORR prioritizes the **placement** of unaccompanied alien children with parents and legal guardia
and custody in the United States (i.e., Category 1 sponsors). Where there are no safety concerns, ORR does not requi
household members and adult caregivers of Category 1 sponsors, so long as:

- The child is not determined to be especially vulnerable through ORR's screening and assessment proce
- The child is not subject to a mandatory **Trafficking Victims Protection Reauthorization Act of 2008 (T study** (See **Section 2.4.2 Home Study Requirement**); and
- There are no other safety concerns present in the case, including relating to abuse or **neglect**.

When an individual is simultaneously sponsoring multiple closely related children for whom they would be a Catego
Category 2B sponsor, the proof of identity for Household Member(s) (HHM)and adult caregiver is not required so lon
concerns as described above. All other potential sponsors that do not meet the criteria above must submit docume
identity of non-sponsor adults in their household and adult caregivers named in the sponsor care plan. Potential sp
one (1) identification document that contains a photograph for all such adults. The document may be from either Li
be an original version or a legible copy of the document. Expired documents are acceptable for the purpose of estab

**Proof of Address**

All potential sponsors must submit at least one (1) form of documentation verifying their current address. Acceptab
include original versions or legible copies of:

- A current lease or mortgage statement dated within the last two (2) months before submission of the F
- A valid, unexpired state ID with current address and photo;
- A utility bill, addressed in the sponsor's name and dated within the last two (2) months before submiss
- A bank statement dated within the last two (2) months before submission of the FRA;
- A payroll check stub issued by an employer, dated within the last two (2) months before submission of
- A piece of mail from a county, state, or federal agency (with the exception of ORR) with the sponsor's na and dated within the last two (2) months before submission of the FRA;

- A notarized letter from a landlord on the business stationary of the real property owner confirming the sponsor's address; and
- Other similar documents reliably indicating that the sponsor resides at the claimed address, dated within the last two (2) months before submission of the FRA.

ORR may use alternative methods to verify address. For example, ORR may send a letter containing specific instructions to the address given by the sponsor and provide a timeline by which the sponsor must comply with the instructions.

**Proof of Child's Identity**

The potential sponsor or child's family must provide the unaccompanied alien child's birth certificate or a legible copy of the child's birth certificate.

**Proof of Sponsor-Child Relationship**

The potential sponsor must provide at least one (1) form of evidence verifying the relationship claimed with the child.[5] Acceptable documents include original versions or legible copies of:

- Birth certificates;
- Marriage certificates;
- Death certificates;
- Court records;
- Guardianship records;
- Hospital records;
- School records;
- Written affirmation of relationship from Consulate; and/or
- Other similar documents.

**Category 2A potential sponsors providing evidence of "primary caregiver"**

Category 2A sponsors who are not grandparents or adult siblings must prove they are or were the child's primary caregiver. A primary caregiver is defined as any person who is primarily entrusted with the child's care and who lives with the child.

If the potential sponsor has any guardianship documents or other documents from a state or foreign government, they must submit this with the Family Reunification Application. ORR also accepts sworn affidavits from potential sponsors in addition to corroborating interviews the case manager has with the child, potential sponsor, and other family members to establish whether the potential sponsor was a primary caregiver to the child.

**Category 3 potential sponsors without a bona fide pre-existing relationship**

Category 3 potential sponsors who are unable to provide verifiable documentation of a familial relationship with the unaccompanied alien child must submit evidence that reliably and sufficiently demonstrates a bona fide social relationship with the child and/or the child's family that existed before the child migrated to the United States. Care providers must attain sufficient corroboration to be confident that they have received needed verification of the relationship between the potential sponsor and the child or child's family.

If a Category 3 potential sponsor does not submit evidence that reliably and sufficiently demonstrates a bona fide preexisting social relationship between the potential Category 3 sponsor and the child and/or the child's family, ORR may take this into account when determining the suitability of the case for release. In such cases ORR may require that the potential Category 3 sponsor, the child, and the child's family, establish ongoing regular contact while the child is in ORR care, prior to a release recommendation.

**Criminal History**

If a potential sponsor has been charged with or convicted of any crime or investigated for the **physical abuse**, **sexual abuse**, **neglect**, or **abandonment** of a child, they must provide related court records and police records, as well as governmental social service records or proof of rehabilitation related to the incident where there has been a substantiated finding or a conviction.

**Fraud**

If a sponsor, household member, or adult caregiver provides any false information in the application of release and/or accompanying documents or submits fraudulent documents for the purposes of obtaining sponsorship of the child, ORR will report the incident to the U.S. Department of Health and Human Services (HHS)/Office of the Inspector General (OIG). Fraudulent documents include documents on which the address, identity, or other relevant information is false or documents that have been manufactured or altered without lawful authorization. ORR may deny release if it is determined that fraudulent documents were submitted during the application of release process.

# Footnotes

[1] As per the release order preference outlined in Flores v. Reno Stipulated Settlement Agreement, No. 85-4544-RJK (Px) (C.D. Cal., Jan 17, 1997).

[2] These categories were created for program use, to help identify potential **sponsors**. They are not intended to replace the legal order of preference established in Flores.

[3] The care provider may offer assistance to potential sponsors in securing necessary documentation, but it is ultimately the potential sponsor's responsibility to find and submit them.

[4] This policy does not amend Policy Guide Section 2.10 Separations under the Ms. L Settlement.

[5] Verification of the potential sponsor's relationship to the child is a minimum step required by the **Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA)** (PDF) to determine a potential sponsor's suitability and capability of providing for the child's physical and mental well-being. See 8 U.S.C. § 1232. As a result, as stated above, ORR may in its discretion require the submission of multiple forms of evidence.

[6] The **ORR Director** delegates final authority for approving discretionary home studies to ORR/FFS Supervisors who act as agents of HHS/ORR. (See **Section 4.2 Home Study Requirement**).

[7] An *Authorization for Release of Information* is not required for sponsors, adult household members, or adult care givers identified in a sponsor care plan undergoing a sex offender registry check. An *Authorization for Request of Information* also is not required for sponsors, adult household members and adult caregivers identified in a sponsor care plan undergoing a public records check. However, sponsors will receive notice that public records and sex offender registry checks will be performed and will have an opportunity to explain the results of these checks