**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*, | ) |
| | ) Case No. 1:25-cv-01405-DLF |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, *et al.*, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF CLASS CERTIFICATION**

## INTRODUCTION

Pursuant to the Court's Order of August 30, 2025, Defendants submit this brief in opposition to Plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification. ECF No. 56. Plaintiffs seek certification of a class defined as: "all unaccompanied children who are or will be in the custody of HHS and who (a) have or had a potential sponsor who has been identified; and (b) the sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025." *Id*. at 4, 6.[1]

The Court should deny Plaintiffs' request to certify a class because Plaintiffs have not established commonality: a common contention that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *DL v. District of Columbia*, 302 F.R.D. 1, 8 (D.D.C. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The addition of three new named Plaintiffs in Plaintiffs' amended complaint does not cure the deficiency.

## BACKGROUND

Plaintiffs challenge two distinct policy changes: (1) the promulgation of an Interim Final Rule, *Unaccompanied Children Program Foundational Rule; Update to Accord with Statutory Requirements*, 90 Fed. Reg. 13,554 (Mar. 25, 2025) (IFR); and (2) the imposition of the new sponsor document requirements as revised in the Policy Guide. Pls' 1st Am. Compl. for Decl. & Inj. Relief, ECF No. 48-1; *see* Order, ECF No. 35 at 20 (discussing same). The new sponsor document requirements consist of two actions: updates that HHS promulgated on March 7, 2025 to the identity documentation requirements, *see* ECF No. 48-1 ¶¶ 51-55, and updates that HHS

---

[1] Page number citations are to the page number in the ECF header.

promulgated on April 15, 2025 to the proof of income requirements, both of which are in Section 2.2.4 of the Office of Refugee Resettlement (ORR) Policy Guide, *id*. ¶¶ 56-59.  Plaintiffs allege injury arising out of difficulties in procuring an acceptable form of identification listed in the new proof of identity documentation requirements.  *Id*. ¶ 58.  ORR does provide for deviation from the list, if supported by clear justification, and allows exceptions on a case-by-case basis by ORR headquarters.  *See* ORR Unaccompanied Children Policy Guide 2.2.4, ECF No. 10-10 at 2-3.  Plaintiffs allege that, because of the policy changes, their time spent in ORR care and custody, and, as a result, the time that they spend separated from family members, has increased.  ECF No. 48-1 ¶ 58.

On June 9, 2025, the Court granted Plaintiffs' motion for a preliminary injunction and certified a provisional class.  ECF No. 35.  In determining whether Plaintiffs established a likelihood of success on the merits, the Court concluded that the new document requirements could significantly impact children and their potential sponsors who may have acted in reliance on the documentation policies in existence before March 7, 2025.  *Id*. at 15, 22.  The Court provisionally certified a class defined as all unaccompanied children who were in or transferred to the custody of HHS on or before April 22, 2025, and who (a) have or had a potential sponsor who has been identified; and (b) the sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025.  ECF No. 34 at 1.  The Court enjoined ORR from enforcing the new proof of identity and proof of income requirements against all members of the provisionally certified class.  *Id*. at 2.  The preliminary injunction still is in effect.  The named Plaintiffs who were members of the provisional class, Angelica S., Eduardo M., Liam W., Leon B., and Xavier L., have been released from ORR care and custody.  These five children's claims,

therefore, are moot. Other members of the provisional class remain in ORR care and custody, however. The claims of the provisional class, therefore, remain live.

On August 15, 2025, Plaintiffs amended their complaint. ECF No. 48-1. Plaintiffs do not raise any new claims. They seek relief under the Administrative Procedure Act on the basis of their claims that: (1) HHS did not publish the IFR through notice and comment and did not have good cause for it to take immediate effect, ECF No. 48-1 ¶¶ 140-46 (citing 5 U.S.C. § 706(2)(D)) (Count I); (2) the IFR exceeds statutory authority because it is contrary to ORR's statutory obligation to promptly place unaccompanied alien children (UAC) in the least restrictive setting that is in their best interest, *id*. ¶¶ 147-53 (citing 5 U.S.C. §§ 706(2)(A), (C)) (Count II); (3) the IFR is arbitrary and capricious because it does not explain why it rescinds the prohibition on denying sponsor applications based on immigration status and collecting information on sponsor immigration status, *id*. ¶¶ 154-57 (Count III).

As to the identity documentation and proof of income requirements, Plaintiffs seek relief under the Administrative Procedure Act based on claims that: (1) the new document requirements are contrary to requirements in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 to promptly place UAC in the least restrictive setting that is in their best interest, they violate the *Accardi* doctrine that federal agencies are required to follow their own regulations, and they violate the Paperwork Reduction Act, ECF No. 1 ¶¶ 158-68 (citing 5 U.S.C. § 706(2)(A), (C)) (Count IV); (2) they are arbitrary and capricious because they result in denials of sponsorship and were promulgated without reasoned explanation, *id*. ¶¶ 169-73 (citing 5 U.S.C. § 706(2)(A)) (Count V); and (3) ORR violated the APA when it promulgated the proof of identity and income requirements without notice and comment, *id*. ¶¶ 164-79 (Count VI).

Plaintiffs add three individual Plaintiffs, Mateo N., Yair G., and David D. ECF No. 48-1 ¶¶ 17-19, 108-27. All three Plaintiffs were transferred to ORR custody after April 22, 2025, and, therefore, are not members of the provisionally certified class. Each submitted a declaration by a potential sponsor who attested to their, or their spouse's, difficulties in obtaining documents that meet the new proof of identity requirements. ECF Nos. 56-2 through 56-7. On the other hand, Plaintiffs do not allege any specific instances of difficulty in complying with the new proof of income documentation requirements issued on April 15, 2025.

## STANDARD

The class action "is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 348 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To fall within this narrow exception, Plaintiffs must "affirmatively demonstrate" their compliance with each element of Rule 23— "that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350. Plaintiffs therefore must demonstrate each element of Rule 23(a) is met: (1) the class is so numerous that joinder is impractical ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the Named Plaintiffs are typical of claims or defenses of the class ("typicality"); and (4) the Named Plaintiffs and counsel will fairly and adequately protect the interests of the class ("adequacy of representation").[2] Fed. R. Civ. P. 23(a).

---

[2] For purposes of this memorandum Defendants concede that Plaintiffs have established numerosity and adequacy of representation as to their claim regarding the proof of identity requirements issued on March 7, 2025.

In addition to satisfying Rule 23(a), a putative class must also meet the requirements in Rule 23(b). Plaintiffs seek to certify a class under Rule 23(b)(2), or, alternatively, Rule 23(b)(1).

4

"The party seeking certification bears the burden of persuasion, and must show that the putative class[ ] meet[s] the requirements of Rule 23 by a preponderance of the evidence." *C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 200–01 (D.D.C. 2020) (citations omitted). To carry that burden, Plaintiffs must "affirmatively demonstrate . . . compliance with the Rule—that is, [they] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id*. (quoting *Wal–Mart*, 564 U.S. at 350). The Court must undertake a "rigorous analysis" to confirm that the requirements of Rule 23 have been satisfied. *Id*. (quoting *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351 (quoting *Falcon*, 457 U.S. at 161).

## ARGUMENT

Plaintiffs have not met their burden to establish that class certification is warranted under any theory they have proposed. Plaintiffs have not established standing as to their claims arising out of the IFR (Claims I-III). Nor have they alleged any injury arising out of the proof of income requirement that ORR issued on April 15, 2025 (Claims IV-VI). Further, no named individual Plaintiff meets the definition of the class that the Court provisionally certified on June 9, 2025. Defendants concede that the provisional certified class and the preliminary injunction remain in effect. However, without a single named Plaintiff meeting the definition of the provisional class, the Court cannot certify a class or subclass meeting that definition. As for Plaintiffs' claim that the proof of identity requirements that ORR issued on March 7, 2025, have caused a delay in discharge from ORR care and custody and lengthened the duration of Plaintiffs' separation from

---

ECF No. 9-1 at 25-30. Defendants will rely upon the arguments in their opposition to Plaintiffs' motion for class certification, ECF No. 31 at 32-36, and not repeat them here.

5

their family members, Plaintiffs have not shown that their claims depend upon a common contention capable of classwide resolution. The Court therefore should deny, as to all of Plaintiffs' claims, Plaintiffs' request for class certification.

## I. Plaintiffs have not established standing as to claims arising out of the Interim Final Rule or the proof of income documentation requirements.

Plaintiffs have not met their burden to establish a class based on any alleged injury arising out of the IFR. Plaintiffs do not discuss the IFR in their supplemental memorandum in support of their motion for class certification. ECF No. 56. Nor do Plaintiffs mention the IFR in their proposed class definition. *Id.* at 4. The Court already has concluded that Plaintiffs have not established substantial evidence that potential sponsors' alleged unwillingness to come forward is due to the IFR and that an injunction of the IFR would not redress individual Plaintiffs' specific injuries. ECF No. 35 at 9-11. Plaintiffs have not added any new allegations as to the IFR in their amended complaint or supplemental brief. ECF No. 48-1, 56. Further, because Plaintiffs have not alleged any injury, as to any named Plaintiff, relating to the proof of income documentation requirements that ORR issued on April 15, 2025, ECF No. 48-1, the Court should not consider any class definition based on the proof of income documentation requirements. The Court therefore should decline to certify any class based on Plaintiffs' claims in Counts I-III of their complaint and, insofar as Plaintiffs' claims are based on the new proof of income requirements, Plaintiffs' claims in Counts IV-VI of their complaint.

## II. The individual named Plaintiffs lack standing as to any claim they suffered injury because of reliance on ORR policies in existence before March 7, 2025.

Plaintiffs raise allegations as to individual Plaintiffs, Mateo N., Yair G., and David D. ECF No. 56 at 4-6. ECF No. 48-1 ¶¶ 17-19, 108-27. All three Plaintiffs were transferred to ORR custody after April 22, 2025. None of the three named Plaintiffs, therefore, share the reliance interest-based injury that the Court cited in its opinion certifying the provisional class. *See* ECF

6

No. 35 at 19. That is, none of the three named Plaintiffs were left "stranded without viable sponsor options and, what is more, offered no explanation for why [ORR] determined that notice was unnecessary." ECF No. 35 at 15. Plaintiffs have not pled, much less shown, that they or their potential sponsors acted in reliance on proof of identity documentation requirements in effect before March 7, 2025.

The named Plaintiffs who were members of the provisional class, Angelica S., Eduardo M., Liam W., Leon B., and Xavier L., whom the Court determined did have a reliance-based injury, have been released from ORR care and custody, and, therefore, have no live claims in this action. Plaintiffs ask the Court to certify a subclass defined coterminously with the class that the Court provisionally certified on June 9, 2025. ECF No. 34 at 1; Pls' Reply in Support of Class Certification, ECF No. 37 at 7. The Court should deny Plaintiffs' request to certify such a subclass, considering that no individual named Plaintiff meets the provisional class definition.

### III. Plaintiffs have not shown that their claims arising out of the proof of identity requirements depend upon a common contention capable of classwide resolution.

As in *Wal-Mart*, "the crux of this case is commonality—the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'" *Wal-Mart*, 564 U.S. at 349 (quoting Fed. R. Civ. P. 23(a)(2)). Since any question can be crafted "at a sufficiently abstract level of generalization . . . to display commonality," *C.G.B.*, 464 F. Supp. 3d at 200–01 (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)), the key inquiry is whether "a class-wide proceeding [will] generate common *answers* apt to drive the resolution of the litigation," *id.* (quoting *Wal-Mart*, 564 U.S. at 350) (emphasis in original) (citation and internal quotation marks omitted). In other words, each class member's claim "must depend upon a common contention" and that contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is

7

central to the validity of each one of the claims in one stroke." *Id*. (quoting *Wal-Mart*, 564 U.S. at 350).

Plaintiffs contend that they "continue to suffer extended detention and separation from their family members as a direct result" of the policies at issue in this litigation. ECF No. 56 at 5. Plaintiffs particularly allege injury arising out of difficulties in procuring acceptable documentation to establish identity as required in the proof of identity requirements ORR issued on March 7, 2025. ECF No. 48-1 ¶ 58. Plaintiffs, however, have not pled, much less shown by preponderance of the evidence, that the named Plaintiffs' delayed release from ORR care and custody actually was caused by the new policy.

The addition of three new Plaintiffs, Mateo N., Yair G., and David D., does not establish commonality. Plaintiffs allege that Mateo N. entered ORR care and custody in May 2025. ECF No. 56 at 2. Plaintiffs allege that Mateo N. has a U.S. citizen sponsor, his brother Steven N., and that Steven N.'s wife has not been able to obtain a state-issued identification. ECF No. 56 at 2. Plaintiffs' supplemental brief lacks any allegations regarding whether Steven N. sought an exception to the documentation requirements in effect on and after March 7, 2025. ECF No. 56. Plaintiffs did not submit a declaration from Steven N.'s wife. Further, Steven N. attests that he and his wife tried to obtain Massachusetts identification, but "they" told him and his wife that his wife must take a driving test and "could not just get an ID card." Steven N. Decl., ECF No. 56-3 ¶ 8. Steven N. further attests that he understands that the only missing document that ORR requires is an acceptable form of identification for his wife. *Id*. ¶ 9.

Steven N. and his wife reside in Massachusetts. ECF No. 56-3 ¶ 2. Under the new identity documentation requirements that ORR issued on March 7, 2025, a potential sponsor may submit a state-issued identification card that is not a driver's license. *See* ECF No. 10-10 at 2-3 (listing

8

as an accepted form of identification "driver's license *or ID card issued by a U.S. state* or outlying possession of the United States provided it contains a photograph or information such as name, date of birth, gender, height, eye color, and address") (emphasis added). Residents of Massachusetts may obtain non-driver identification. *See* Mass. Registry of Motor Vehicles, REAL ID, Standard CDL, & Standard ID Card Documents Checklist, https://www.mass.gov/doc/standard-mass-id-documents-checklist/download#page28 (viewed September 11, 2025). Plaintiffs do not allege any difficulty in obtaining, much less inability to obtain, a state-issued identification card in Massachusetts, based on immigration status. Thus, the delay in Mateo N.'s release from ORR care and custody appears to be attributable either to the delay by Steven N.'s wife in obtaining a state-issued identification card, Steven N.'s or his wife's misapprehension of ORR's requirements, lack of awareness of the availability of, or requirements for obtaining, a non-driver's license identification in Massachusetts, or a combination thereof—rather than being caught unawares of or inability to meet the new proof of identity requirement.

Plaintiffs allege that Yair G. entered ORR custody in May 2020 and that his proposed sponsor, his sister Milagro G., was unable to sponsor him due to Milagro G.'s lack of a state-issued identity document. ECF No. 56 at 3. Milagro G. attests in a declaration that she "cannot get any of the forms of identification [ORR] are requiring." Decl. of Milagro G., ECF No. 56-5 ¶ 6. The complaint does not allege whether Milagro G. sought and was denied an exception to the documentation requirements. Milagro G. does not identify what form of identification she attempted to obtain and provides no reason why she cannot obtain it. Without additional information, it is not possible to determine whether, and, if so, why, Milagro G. is not able to obtain one of the necessary forms of identification that ORR requires before it releases Yair G. to her. Further, Milagro G. attests that she is pursuing Yair G.'s reunification with a family friend.

ECF No. 56 at 3.  The delay in Yair G.'s release could be attributed to Milagro G's misapprehension of ORR's proof of identity documentation requirements, her state's requirements for obtaining identification, or the delay in Milagro G.'s arrangement for her friend to apply to sponsor Yair G., rather than the ORR proof of identity requirement.

Plaintiffs allege that David D., who entered ORR care and custody in May 2025, could not reunify with his mother, Isabel D., due to her inability to obtain the form of identity accepted under the documentation requirements.  ECF No. 56 at 3.  Isabel D. asserts that ORR is considering granting her an exception from the new identity documentation requirement, Decl. of Isabel D., ECF No. 56-7 ¶ 7, which, if granted, would eliminate the new identity documentation requirements as an obstacle to David D.'s release from ORR custody.  Isabel D. attests that she attempted to obtain a driver's license by taking a driving test, which she failed.  *Id*. ¶ 90. Plaintiffs have not presented evidence of Isabel D.'s current state of residence, whether her state provides a non-driver identification that a state resident could obtain lieu of a driver's license, or, if so, whether Isabel D. has applied for such identification.  Isabel D. attests that her relatives, with whom she lived, were unable to provide forms of identification that complied with the new documentation requirements. ECF No. 56 at 3.  Isabel D., however, moved to a new apartment with relatives who could satisfy the new documentation requirements.  *Id*.  The delay in David D.'s release from ORR care and custody, therefore, could be caused by Isabel D.'s possible misapprehension of the documentation requirements and the types of identification documents available in her state, and the time it took to secure housing with family members ale to provide the required documentation.

Mateo N., Yair G., and David D. argue that they share the common injury in that they have endured prolonged detention due to the proof of identity policy.  ECF No. 56 at 5.  However, for all three Plaintiffs, the delay in establishing eligibility for release from ORR care and custody

appears to be attributable to factors beyond reliance on the documentation requirement in effect before March 7, 2025. These factors include the potential sponsor's delay in securing a state identification card, securing an alternative sponsor, or finding a residence with individuals who can provide the required documentation. In sum, Plaintiffs have not presented a common contention that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *DL*, 302 F.R.D. at 8 (quoting *Wal-Mart*, 564 U.S. at 350).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for class certification. Given that no named Plaintiffs meet the provisional class definition, the Court should decline Plaintiffs' request to certify a class or subclass matching the definition of the provisional class.

DATE: September 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

/s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
MICHAEL A CELONE
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation – General
Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

11