**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*, | ) |
| | )   Case No. 1:25-cv-01405-DLF |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, *et al.*, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |
| _____ | ) |

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER OF MARCH 25, 2026**

On March 23, 2026, the Court issued a Minute Order, in which it ordered that Defendants

shall:

> inform the Court (1) whether the forms it provided, Dkt. 85, are consistent with its
> representation of [Paperwork Reduction Act (PRA)] approval by [Office of
> Management and Budget (OMB)], Dkt. 81; (2) if the forms are not consistent with
> OMB's approval, whether the PRA issue is moot; and (3) what forms, if not those
> filed with the Court, are currently being provided by [Office of Refugee
> Resettlement (ORR)] to putative sponsors.

On March 24, 2026, Defendants responded that ORR believes that the forms Defendants

submitted to the Court on March 19, 2026, *see* Dkt. 85, are based on the Information Collection

that OMB approved on February 27, 2026, Dkt. 86.  Defendants requested additional time to

assess whether ORR must seek approval for any changes made to the form more recently.  *Id*.

On March 25, 2026, the Court ordered that:

> [u]pon consideration of the defendants' [86] Response to the Court's Order, it is
> ORDERED that the defendants shall respond to the Court's second question, see
> March 23, 2026 Minute Order, and confirm their response as to the Court's first
> question, *see id.*, on or before March 31, 2026.

Minute Order (March 25, 2026).  Defendants respond as follows.

## I.    Response to Question (1)

Yes, the forms that Defendants provided, Dkt. 85, are consistent with Defendants' representation of PRA approval by OMB.  ORR informs undersigned counsel that ORR uses Version 18 of the forms.  Defendants filed the Version 18 Forms with the Court on March 19, 2026.  *See* Dkts.  85 through 85-9.  The Version 18 Forms bear the date March 13, 2026.  ORR informs undersigned counsel that the Version 18 Forms differ in some respects from the Information Collections OMB approved on February 27, 2026.  ORR further informs undersigned counsel that the Version 18 Forms do not include some of the information that OMB approved of ORR collecting in OMB's Information Collection approval dated February 27, 2026, but that all of the information and documents that ORR may collect on the Version 18 Forms have been approved, on February 27, 2026, by OMB, for collection.

On Version 18 of Form SAP-3, ORR lists the documents that ORR will accept from putative sponsors to show Proof of Identity.  *See* SAP-3, Dkt. 85-4 at 6 ("Acceptable Proof of Identity Documents").   The list on Version 18 of Form SAP-3 includes all documents that OMB approved on February 27, 2026.[1]  On the other hand, the list of documents that putative sponsors may submit as Proof of Income includes some, but not all, of the documents that OMB approved for collection on February 27, 2026.  *Id*. at 7 (5) Proof of Income).  The list of the documents that ORR lists on Version 18 for Proof of Income and the list of documents that OMB approved for collection on February 27, 2026, are shown side-by-side on the attached list.  *See* Exhibit B.  ORR

---

[1]    *See* View Information Collection, Family Reunification Application (Form SAP-3), available    at    https://www.reginfo.gov/public/do/PRAViewIC?ref_nbr=202508-0970-005&icID=217209 (viewed March 31, 2026), attached as Exhibit A.  The forms that OMB approved on February 27, 2026, are available through the following webpage on the OMB website: https://www.reginfo.gov/public/do/PRAICList?ref_nbr=202508-0970-005.  Defendants offer to provide the Forms to the Court upon the Court's request.

concedes that the list of documents in the Information Collection request that OMB approved on February 27, 2026 is more expansive than the list on Version 18 of Form SAP-3.   ORR also emphasizes that it is not collecting any information or documents not approved for collection by OMB.

ORR further informs undersigned counsel of the following.  Version 18 Forms differ from the forms that OMB approved in that they include minor wording changes made to increase clarity in sections that do not constitute information collections.  ORR plans to fully revise its information collection forms to make them consistent with OMB's February 27, 2026 approval in a future version, which will be Version 19.  ORR plans to publish further updates to the sponsor application form, including updates regarding Proof of Income, in Version 19.

ORR uses the Version 18 Forms as an interim measure because the Version 18 Forms reflect other updates to ORR's information collection separate from the Proof of Identity and Proof of Income requirements at issue in this litigation.  For example, with Version 18, ORR incorporated the collection of Social Security/Taxpayer ID information, which OMB has approved.  The future update (Version 19) will incorporate other Information Collections already approved by OMB but not yet incorporated into the form, including updates to Proof of Income updates as described in Exhibit B.  All information collected by Version 18, therefore, has been approved by OMB.  And, to the extent that OMB has also approved the collection of information not already in Version 18, ORR intends to include that Information Collection in a future Version 19. h.

## II.   Response to Question (2)

Plaintiffs claim that ORR acted unlawfully because it has not yet obtained OMB approval for its new identification and proof of income information collection requirements.  1st Am. Compl. (Aug. 15, 202), Dkt. 48 ¶¶ 155, 167.  Defendants have not previously had the opportunity

to fully brief whether, in light of OMB's approval of ORR's Information Collection request on February 27, 2026, Plaintiffs' PRA claim is moot.  If the Court orders briefing, Defendants respectfully seek additional time to fully brief the issue and produce a record of the OMB's approval of ORR's Information Collection request.  In response to the Court's order of March 25, 2026, Defendants state as follows.

A claim becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Beberman v. Blinken*, 61 F.4th 978, 981 (D.C. Cir. 2023).  "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Taylor v. Resol. Tr. Corp.*, 56 F.3d 1497, 1502 (D.C. Cir.), *opinion amended on reh'g*, 66 F.3d 1226 (D.C. Cir. 1995).  OMB has approved an Information Collection request that includes the universe of information that ORR collects in its Sponsor Application.  Assuming, *arguendo*, that Plaintiffs suffered any injury from ORR's collection of information before OMB approved the collection—and Plaintiffs have not pled any injury arising out of the pre-OMB approval collection—there is no ongoing injury.  Any injury that might have resulted from the collection of information has ended.  Consequently, Defendants contend that there is no relief that the Court could provide if Plaintiffs were to prevail on their PRA claim.

Further, a procedural APA claim becomes moot if the agency has corrected the alleged procedural error and no purpose would be served by vacatur.  *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (affirming district court's dismissal of case as moot where plaintiff had claimed that the Board for Correction of Naval Records procedure allowing for the Acting Executive Director rather than the Board to render a decision on the plaintiff's disability rating was improper, and the plaintiff later received an adjudication of his administrative claim by the Board); *Las Americas Immigrant Advoc. Ctr. v. U.S. Dep't of Homeland Sec.,* 783 F. Supp. 3d

200, 220–21 (D.D.C. 2025), *reconsideration denied*, No. CV 24-1702 (RC), 2025 WL 2105564 (D.D.C. July 28, 2025) (denying as moot a challenge to a defendant agency's promulgation of an interim final rule without providing the required notice and inviting public comment, where the agency later engaged in notice-and-comment rulemaking). As noted, OMB has approved ORR's Information Collection request, which includes the information and documents that ORR requests of putative sponsors. ORR has corrected the procedural error. Plaintiffs have not identified any purpose that would be served by vacatur.

DATE: April 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

/s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
JOSHUA MCCROSKEY
OLEKSIY ISAEV
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov