**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | No. 1:25-cv-1405-DLF |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FILING REGARDING PAPERWORK REDUCTION ACT COMPLIANCE**

Plaintiffs respectfully submit this response to Defendants' April 1, 2026, filing responding to the Court's March 25, 2026, minute order. *See* ECF 91. Defendants' recent filing confirms that the sponsor application forms currently in use by the Office of Refugee Resettlement ("ORR") and filed with the Court at ECF 85 are not the same versions that received Office of Management and Budget ("OMB") approval. ECF 91 at 2-3. ORR's currently operative forms and Policy Guide Section 2.2.4 remain inconsistent with the OMB-approved forms. Thus, ORR is actively violating the Paperwork Reduction Act ("PRA"). Furthermore, ORR has yet to give potential sponsors who were subjected to unauthorized information collections over the past year the opportunity to meet the proof of identity and proof of income documentation requirements "in any other reasonable manner." *Saco River Cellular, Inc. v. FCC*, 133 F.3d 25, 33 (D.C. Cir. 1998) (citing 5 C.F.R. § 1320.6(c)). Thus, Plaintiffs' PRA claim is not moot.

## I. ORR's Current Forms and Policy are not Consistent with the OMB Approved Forms and ORR Thus Continues to Violate the PRA

As Defendants acknowledge, the Sponsor Application Form filed with the Court on March 19, 2026, and currently provided to sponsors is not the same form approved by OMB. ECF 91 at

2-3. The Sponsor Application form filed with the Court at ECF 85-4 is listed as Version 18 and purports to bear an OMB Control Number (OMB 0970-0278) with an expiration date of February 28, 2029, but it differs in material respects from the form OMB actually approved (Version 19). *Compare* ECF 85-4, *with* ECF 91-1.[1]

Specifically, as Defendants concede, the OMB-approved form provides a "more expansive" list of proof of income documentation options than the form currently in use by ORR. ECF 91 at 2-3. For example, the OMB-approved form allows sponsors to establish proof of income through a recent bank statement, an Affidavit of Financial Support, or documentation of income from assets, public assistance, or other sources. *See* ECF 91-1 at 9-10; *see also* ECF 91-2 (comparison of current proof of income documentation options and OMB-approved options); Affidavit of Financial Support, Ex. 1-B to Declaration of Diane de Gramont, April 2, 2026 ("de Gramont Decl."). The form currently in use by ORR, which mirrors ORR's current Policy Guide Section 2.2.4, does not permit sponsors to use these types of documents to establish proof of income. ECF 85-4 at 7; ORR Policy Guide § 2.2.4, *archived at* https://perma.cc/KU5L-RPHA (April 1, 2026).

These inconsistencies in proof of income documentation requirements are central to Plaintiffs' claim in this litigation and the purposes of the PRA. As Plaintiffs alleged, ORR's Policy Guide Section 2.2.4 as revised on March 7, 2025, and April 15, 2025, requires sponsors to provide particular types of documentation that differ from the options provided in the OMB-approved

[1] The version of the Sponsor Application in effect when this litigation was filed was Version 15, suggesting that ORR has made multiple unauthorized revisions to the application over the course of this litigation. *See* Ex. 1-A to Declaration of Diane de Gramont, May 9, 2025, ECF 10-5; 44 U.S.C. § 3507(a) (requiring PRA approval for "revision of the collection of information"); *see also* ECF 88 (noting that "ORR has issued several versions of the forms at issue in this litigation").

Sponsor Application. *See* Amended Complaint ¶¶ 69-72, 167, ECF 48; *see also* Memo in Support of Plaintiffs' Motion for Summary Judgment at 12, 38-39, ECF 58-1 ("Pls. MSJ"). This makes it substantially more difficult and burdensome for Plaintiffs' sponsors to successfully complete the sponsorship application, leading Plaintiffs to remain in custody longer. Pls. MSJ at 12, 38-39. ORR cannot lawfully demand specific documentation of financial stability without OMB approval and certainly cannot limit sponsor's options to establish financial stability in a way directly contrary to OMB's approved form. *See Saco River Cellular, Inc*, 133 F.3d at 33 (holding that agency violated PRA when it refused to accept a letter of credit as sufficient proof of firm financial commitment without an OMB-approved information collection).

Defendants' contention that ORR has complied with the PRA when its current form makes it substantially more difficult for sponsors to prove their income than the OMB-approved form, fundamentally misunderstands the PRA. The purpose of requiring agencies to solicit public comments and obtain OMB approval before conducting information collections is to "minimize the paperwork burden for individuals" and other respondents. *Id.* at 32 (quoting 44 U.S.C. § 3501(1)); *see also* 44 U.S.C. §§ 3506(c)(2), 3507(a) (repeatedly referring to burdens of information collection). It is not, as Defendants assert without support, merely to approve a "universe of information" from which an agency can later eliminate options. ECF 91 at 4.

Indeed, the expanded list of proof of income documentation in the OMB-approved application form was the direct result of ORR's evaluation of public comments that highlighted the burden that the more restrictive list placed on sponsors. *See* Attachment A – Summary of Public Comments and ORR Responses at 6, July 2025, Ex. 1-C to de Gramont Decl. ("ORR appreciates the commenter's recommendation, and we expanded the list of acceptable proof of income documentation to include other alternatives. This includes the creation of a new form, the Affidavit

of Financial Support (Form SAP-8), that sponsors may use as proof that they receive financial support from another individual."); *see also* Attachment B – Summary of Public Comments and ORR Responses at 4-5, January 2026, Ex. 1-D to de Gramont Decl. (explaining changes to improve clarity of Affidavit of Financial Support in response to public comments).

Allowing sponsors to establish their financial stability through bank statements or an affidavit makes it easier to complete the sponsor application form, thereby reducing its burden, and is directly relevant to OMB's consideration of the burden imposed by the information collection. *See* 44 U.S.C. § 3507(a)(1)(D)(V). Having represented to OMB that it would provide sponsors additional options to establish proof of income in response to public comments, and having obtained OMB approval only of the expanded list of options, ORR cannot now unilaterally narrow those options. *See id.* § 3507(h)(3) (prohibiting agencies from making substantive or material modifications to a collection of information after OMB approval without obtaining approval of the modification).

## II. Plaintiffs' PRA Claim Is Not Moot

Until ORR implements the OMB-approved forms and updates its Policy Guide Section 2.2.4 to be consistent with the OMB-approved forms, Defendants remain in active violation of the PRA. Although Defendants indicate that "ORR plans to fully revise its information collection forms to make them consistent with OMB's February 27, 2026 approval in a future version," ORR has not yet done so. Nor have Defendants indicated when ORR will do so. ECF 91 at 3. As a result, sponsors continue to be subjected to unlawfully burdensome requirements to establish proof of income. Plaintiffs' PRA claim is therefore not moot and the Court can still grant Plaintiffs

meaningful relief by vacating the current version of Policy Guide Section 2.2.4 as contrary to law. 5 U.S.C. § 706(2)(A).[2]

Moreover, even if ORR eventually updates its Policy Guide and sponsor application to reflect the OMB-approved requirements, injunctive relief would remain appropriate to address the continuing effects of ORR's prior PRA violations. The D.C. Circuit has made clear that "an agency may not, having belatedly gotten OMB approval of an information collection requirement, punish a respondent for its faulty compliance while the collection was still unauthorized." *Saco River Cellular*, 133 F.3d at 32; *see also id.* ("[T]he PRA must protect a member of the public when the agency imposes the paperwork burden upon it, not merely when the agency relies upon the paperwork in making a decision, which (as this case illustrates) can be years later."). Injunctive relief is necessary to ensure ORR informs sponsors who were subjected to the unauthorized information collection requirements that they can instead fulfill the proof of identity and proof of income documentation requirements "in any other reasonable manner." *See* Pls. MSJ at 38-39, 41-44 (quoting *Saco River Cellular*, 133 F.3d at 32); Proposed Order, ECF 58-5; *see also* Amended Complaint ¶¶ 67-72, 167; Plaintiffs' Response to Defendants' Separate Concise Statement of Genuine Issues ¶¶ 128-29, 159-60, ECF 74-2 (Rosa M. and Ximena L. were unable to provide specific proof of income newly required by ORR); *id.* at ¶¶ 109, 122, 136, 146, 156-57, 172-74, 180-81 (all plaintiffs affected by unauthorized proof of identification requirements).

---

[2] Contrary to Defendants' characterization, ECF 91 at 4, Plaintiffs did not bring their PRA claim as a procedural claim. Plaintiffs alleged that ORR acted contrary to law by imposing unauthorized information collection requirements in violation of the PRA. *See* Amended Complaint ¶¶ 159, 167, ECF 48. Even if, *arguendo*, Plaintiffs brought a procedural claim under the PRA, Defendants have *not* "corrected the alleged procedural error," which is the *use* of an unapproved information collection, not the lack of *any* approved form. ECF 91 at 3.

For these reasons, Plaintiffs have not "obtained all the relief that [they] sought" and their claims are not moot. *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (quoting *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)).

April 2, 2026

Respectfully submitted,

/s/ *Diane de Gramont*

DIANE DE GRAMONT (admitted *pro hac vice*)
MISHAN WROE (admitted *pro hac vice*)
428 13th Street, Floor 5
Oakland, California 94612
(510) 835-8098
ddegramont@youthlaw.org
mwroe@youthlaw.org

REBECCA RUTH WOLOZIN (D.C. Bar No. 144369)
National Center for Youth Law
818 Connecticut Ave. NW, Suite 425
Washington, DC 20009
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CYNTHIA LIAO (admitted *pro hac vice*)
JOEL McELVAIN (D.C. Bar No. 448431)
SKYE L. PERRYMAN (D.C. Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
cliao@democracyforward.org
jmcelvain@democracyforward.org
sperryman@democracyforward.org