**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:25-cv-01405-DLF |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, *et. al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**CLASS CERTIFICATION AND NEW CLASS REPRESENTATIVES**

Plaintiffs respectfully submit this supplemental brief in support of their motion for class certification. Plaintiffs ask that the newly added Plaintiffs, Lorenzo V., Esmeralda C., and Brian G., be appointed class representatives, along with the existing class representatives. Plaintiffs further submit evidence regarding provisional class members who continue to have live claims.

### FACTS

This Court certified a provisional class for the purposes of a preliminary injunction on June 9, 2025. ECF No. 34 ("PI Order"); ECF No. 35 at 19-22 ("PI Opinion"). Plaintiffs filed their First Amended Complaint on August 15, 2025, adding three named child plaintiffs. ECF No. 48. With leave of court, Plaintiffs filed a supplemental brief in support of class certification related to those new plaintiffs. ECF No. 56. On April 29, 2026, Plaintiffs moved for leave to file a Second Amended Complaint adding named Plaintiffs Lorenzo V., Esmeralda C., and Brian G. ECF 96.

Lorenzo V. is a 15-year-old boy in the custody of the Office of Refugee Resettlement ("ORR") since September 2025. Ex. 1, Decl. of Lorenzo V. ¶ 2. Lorenzo's brother lives in South Carolina and tried to sponsor him but could not do so because he lacked U.S.-issued identification. *Id.* ¶ 4. Lorenzo's sister-in-law Lucy V. is a U.S. citizen with acceptable identification but similarly could not sponsor Lorenzo because her household members (Lorenzo's brothers) lack newly required identity documents. *Id.* ¶¶ 4-5. Although Lorenzo's brother and sister-in-law are eager to care for him, he remains detained because ORR refuses to accept his brothers' foreign passports. *Id.* ¶ 5. Lorenzo feels despondent being away from his family. *Id.* ¶¶ 11-13.

Esmeralda C. is a 17-year-old girl detained with her baby boy in Connecticut in ORR custody, despite efforts by her mother, older sister, and family friends to sponsor her. Ex. 2, Decl. of Esmeralda C.; Ex. 3, Decl. of Elizabeth C. She and her son entered ORR custody in September 2025. Esmeralda Decl. ¶ 2. Her mother previously sponsored Esmeralda's older sister from ORR

1

custody without any issues and promptly asked to sponsor Esmeralda and her son. *Id.* ¶¶ 3-4; Elizabeth Decl. ¶¶ 2-3. Despite being previously approved as a sponsor, Esmeralda's mother at first was unable to proceed with her application because she lacks newly required identification and proof of income documents. Esmeralda Decl. ¶ 4; Elizabeth Decl. ¶ 3. Months later, ORR offered her mother the possibility of an exception to the proof of identification requirements. Elizabeth Dec. ¶ 3. By then, however, Esmerelda's mother decided to withdraw and look for someone who had the required documents because she does not have proof of income documents and because she is aware that the rules have changed, and she fears that ORR would share her information with immigration enforcement officers. *Id.* ¶¶ 4-5; Esmeralda Decl. ¶¶ 4-5.

Esmerelda's sister Elizabeth applied to be her sponsor but was told she was unlikely to be approved because ORR considered her too young. Elizabeth Dec. ¶ 6. A family friend with acceptable identification applied next, but ORR informed him he would not be approved because he lacked sufficient proof of income by himself, and he could not include other sources of financial support such as from Esmeralda's mother. *Id.* ¶ 7. Esmeralda's mother identified yet another willing sponsor, but although he had acceptable identification, his wife did not. *Id.* ¶ 8. Esmeralda wishes she could have her mom and sister's support as she raises her son. Esmeralda Decl. ¶ 9.

Brian G. is a 13-year-old boy detained in ORR custody in Illinois. *See generally* Ex. 4, Decl. of Brian G. He entered ORR custody in May 2025. *Id.* ¶ 2. Brian was unable to reunify with his uncle because his uncle cannot obtain a form of identity document newly required by ORR. *Id.* ¶¶ 3-4. Brian's cousin then applied to sponsor him. *Id.* ¶ 5. His cousin was living with her parents, but they moved out of the home because they lacked newly required forms of identification. *Id.* It became too difficult for her parents to live separately, particularly given how long the application process was taking, so Brian's cousin withdrew her application. *Id.* Brian has now been held apart

2

from his family for almost a year. *Id.* ¶ 2. Brian hopes to one day live with his uncle, eat his favorite foods, and work on cars instead of feeling stuck in custody. *Id*. ¶¶ 7-8, 10-11.

ARGUMENT

### A.  The New Plaintiffs Meet the Requirements of Rule 23.

Like the original named Plaintiffs, Lorenzo V., Esmeralda C., and Brian G. challenge the March 25, 2025 Interim Final Rule, and ORR's new sponsor proof of identification and proof of income policies issued on March 7, 2025, and April 15, 2025, respectively.[1] Lorenzo, Esmeralda, and Brian have the same relevant characteristics as previously named Plaintiffs and seek to represent the same class: "all unaccompanied children who are or will be in the custody of HHS and who (a) have or had a potential sponsor who has been identified; and (b) the sponsor's family reunification application has been denied, closed, withdrawn, delayed, or cannot be completed because the sponsor is missing documents newly required on or after March 7, 2025." *See* PI Order; Lorenzo Decl. ¶¶ 14-15; Esmeralda Decl. ¶¶ 10-11; Brian Decl. ¶¶ 12-13.

As with the other class representatives (*see* ECF No. 9-1, Pls.' Class Cert Motion at 4-8), these children's sponsors have tried to meet ORR's sponsorship application requirements, but they or their household members cannot do so due to their immigration status. Esmeralda Decl. ¶¶ 4-5, 7; Elizabeth Decl. ¶¶ 3-9; Lorenzo Decl. ¶¶ 4-5; Brian Decl. ¶¶ 3-5. These children suffer "the same injury—extended detention by ORR—as a result of the new sponsor requirements." PI Opinion at 20. They have all lost the opportunity for timely release to their closest relatives, and in some cases the opportunity for any release at all. *See* ECF No. 58-1, Pls.' Mot. for Summ. J. at 12-14; *see also, e.g., CC Distributors, Inc. v. United States*, 883 F.2d 146, 150 (D.C. Cir. 1989).

---

[1] Plaintiffs maintain that their claims remain live whether or not new plaintiffs are named, because they have sought class certification. *See J.D. v. Azar*, 925 F.3d 1291, 1308–11 (D.C. Cir. 2019).

For the same reasons articulated in prior filings, the new putative class members' claims are typical of the claims of the members of the proposed class. *See* Pls.' Class Cert. Motion at 16-17; ECF No. 63, Pls.' Suppl. Reply in Supp. of Class Cert. at 6-13 ("Suppl. Class Cert. Reply"). As this Court recognized, "typicality and commonality inquiries tend to merge." PI Opinion at 21 (citations omitted). Lorenzo, Esmeralda, and Brian present the same claims as the previously named Plaintiffs, and these claims are typical of the class as a whole. The ORR policies—permitted only because ORR issued the IFR allowing itself to reject sponsors due to immigration status— have caused and continue to cause delay, withdrawal, or denial of sponsorship applications and consequent prolonged detention. *See generally* Lorenzo Decl.; Esmeralda Decl.; Brian Decl.

If the Court deems it necessary to ensure typicality, Plaintiffs renew their request that the Court certify a main class of unaccompanied children in HHS custody affected by the new sponsorship requirements without any date limitation and a reliance subclass of children who were in or transferred to the custody of HHS on or before April 22, 2025. *See* ECF No. 37, Pls.' Reply in Supp. of Class Cert at 2; ECF No. 87, Pls.' Notice at 1-2. (The reliance subclass is defined identically to the provisional class already certified by this Court. PI Order at 1.) Plaintiffs propose Lorenzo, Esmeralda, and Brian as representatives for the main class only. They will adequately protect the interests of the class for the same reasons articulated in Plaintiffs' previous filings, which Defendants did not contest. Pls.' Class Cert. Motion at 18-19; PI Opinion at 22; *see* Esmeralda Decl. ¶¶ 10-11; Brian Decl. ¶¶ 12-13; Lorenzo Decl. ¶¶ 14-15.

**B. Provisional Class Members Remain in ORR Custody with Live Claims.**

Contrary to Defendants' suggestion, ECF No. 76 at 3, there are provisional class members who entered ORR custody before April 22, 2025, who are still in ORR custody. *See* Ex. 5, Decl. of G.B.J. ¶¶ 3, 9, 15-17, 19-21 (3-year-old and 7-year-old in custody since separation from

4

grandmother in January 2025; grandmother was permitted to proceed with sponsorship under the preliminary injunction despite lacking proof of identification or of income, but has not yet been able to find a required alternative caregiver); Ex. 6, Decl. of Q.A.P.V. ¶¶ 2-8 (16-year-old in custody since December 2024 unable to reunify with brother because brother's household members cannot meet identification requirements); Ex. 7, Decl. of Y.R.M. ¶¶ 2-6 (17-year-old in custody since January 2025; second attempted sponsor unable to meet identification requirements).[2] If the Court's preliminary injunction were dissolved, these class members would face even greater difficulties in release. *See, e.g.,* G.B.J. Decl. ¶¶ 19-22.

Defendants are also wrong about the provisional class being "non-replenishable." ECF No. 76 at 3. Children who entered ORR custody before April 22, 2025, and who had been released to sponsors, are continuously being re-detained and subjected to the challenged identification and income policies. *See* Ex. 8, Decl. of Benito S. ¶¶ 2-7, 10 (re-detained child's previously approved sponsor cannot meet new identification requirements);[3] *see also E.F.E.L. v. Noem*, No. 26-cv-02507, 2026 WL 1045550, *2, 4-5 (N.D. Ill. Apr. 17, 2026) (granting habeas petition of 15-year-old child who was released to his brother in March 2025 but re-detained in December 2025, after ORR refused release because the brother lacked newly required identification).

## CONCLUSION

Plaintiffs respectfully ask that the court appoint Lorenzo V., Esmeralda C., and Brian G. as class representatives, and consider the attached declarations regarding provisional class members.

---

[2] It is unclear why ORR failed to fully apply the Court's preliminary injunction to Q.A.P.V. and Y.R.M., but Plaintiffs note their continued disagreement with Defendants on the scope of the provisional class definition, and specifically its application to sponsors identified after April 22, 2025. *See* Plaintiffs' Mot. for Relief from Standing Order 25-55, ECF 65 at 2-3 fn. 1; Plaintiffs' Opp. to Defs.' MSJ and Reply in Support of MSJ, ECF 73 at 4.

[3] This declaration was originally filed in *Diego N. v. HHS*, Case No. 26-577 (D.D.C.), where Benito is a named plaintiff proceeding under pseudonym.

April 29, 2026

Respectfully submitted,

/s/ *Mishan Wroe*
Mishan Wroe (admitted *pro hac vice*)
Diane de Gramont (admitted *pro hac vice*)
NATIONAL CENTER FOR YOUTH LAW
428 13th Street, Floor 5
Oakland, California 94612
(510) 835-8098
mwroe@youthlaw.org
ddegramont@youthlaw.org

Rebecca Wolozin (D.C. Bar No. 144369)
NATIONAL CENTER FOR YOUTH LAW
818 Connecticut Avenue NW, Suite 425
Washington, DC 20006
(202) 868-4792
bwolozin@youthlaw.org

Cynthia Liao (admitted *pro hac vice*)
Joel McElvain (D.C. Bar No. 448431)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
cliao@democracyforward.org
jmcelvain@democracyforward.org
sperryman@democracyforward.org