**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELICA S., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | No. 1:25-cv-01405 (DLF) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 19, 2026 Minute Order, the parties respectfully submit the following joint status report updating the Court as to HHS's compliance efforts. The parties have been unable to agree on language to be jointly submitted in this report, and submit their separate statements below.

**I. <u>Defendants' Update</u>**

The Office of Refugee Resettlement (ORR) is presently working through all possible avenues to ensure that it will comply with the court's summary-judgment order, ECF No. 118, as expeditiously as possible. ORR published policies in the Unaccompanied Alien Children Bureau Policy Guide § 2.2.4 concerning updated and expanded proofs of income on July 23, 2026 (effective July 30, 2026). These updates were reflected in the online sponsorship application on October 15, 2026. The newly accepted proofs of income align with the proofs of income accepted on the form that OMB approved in February 2026. *See* ECF No. 119, at 26.

ORR is currently requesting an expedited non-substantive change request through HHS's internal processes and OMB, concerning updates to the form's layout and user experience. On

October 20, 2026, HHS submitted ORR's proposal to OMB. If OMB denies the non-substantive change request, ORR will move forward with pursuing the option of requesting an emergency processing with OMB under 5 C.F.R. § 1320.13, so that ORR can comply with the Court's directive regarding an OMB-approved information collection.

## II. Plaintiffs' Status Report

1. On September 30, this Court entered an order granting Plaintiffs' motion for summary judgment in part and denying it in part. ECF No. 118. The Court "remand[ed] this action to the U.S. Department of Health and Human Services, without vacatur, for the agency to *promptly* reconsider its information-collection requirements consistent with the Court's opinion." *Id*. (emphasis added).

2. On October 1, this Court entered its memorandum opinion describing the basis for its order. As relevant here, this Court awarded summary judgment to Plaintiffs on the claim that Defendants are violating the Paperwork Reduction Act (PRA) insofar as "the agency continues to use [an] unapproved [paperwork] collection even though an approved form exists and is available for precisely this purpose." *Id*. at 31. This Court remanded ORR's information-collection practices to the agency without vacating them. *Id*. It determined that vacatur was not warranted because the PRA violations could be remedied "if [ORR] begins to use the approved form," given that "OMB has already approved a revised Sponsor Application Packet addressing the same subjects." *Id*. The Court warned ORR that "'[r]emand without vacatur' is not 'an invitation to do nothing.'" *Id*. at 32 (quoting *Black Oak Energy, LLC v. FERC*, 725 F.3d 230, 244 (D.C. Cir. 2013)). It instructed that "[o]n remand, ORR must conform its information collection to the one OMB has approved or *promptly* obtain the approval required by the PRA for any materially different collection it wishes to use," *id*. (emphasis added), and therefore "remand[ed] the identification and proof-of-income

information collections to ORR without vacatur to take *prompt* action consistent with this opinion," *id*. at 33 (emphasis added).

3. Following this Court's entry of its memorandum opinion and order, Plaintiffs' counsel reviewed ORR's published materials, and determined that revised language in section 2.2.4 of ORR's Policy Guide, https://acf.gov/orr/policy-guidance/uac-program-policy-guide-section-2#2.2.4, would suggest that ORR had already begun implementing the PRA form approved by OMB. On October 7, Plaintiffs' counsel contacted all counsel of record for Defendants by email to seek confirmation of whether ORR was already in compliance, and requesting an update by October 9.

4. Plaintiffs' counsel did not receive a response to that email. Plaintiffs' counsel emailed Defendants' counsel to reiterate their request on October 13, and to inform Defendants' counsel that Plaintiffs would seek relief from this Court if Defendants failed to respond. On the same day, Defendants' counsel responded that they had not received the prior message, but that they would consult with their client in response to Plaintiffs' request.

5. On October 15, Defendants' counsel responded, "ORR published policies in 2.2.4 concerning updated and expanded proofs of income on July 23, 2026 (effective July 30, 2026). These updates will be reflected in the online sponsorship applications today (October 15, 2026). ORR plans to inform the Court of its actions on remand, but we are not yet in a position to provide an exact timeline on when that notification will occur. The Court issued its opinion and order a mere two weeks ago. ORR has been moving promptly to comply with the Court's instructions. Plaintiffs' proposed request to the Court to require a response from the agency by a date certain would be unwarranted."

6. On October 16, Plaintiffs' counsel emailed Defendants' counsel to request access to the online sponsorship applications referenced in Defendants' counsel's October 15 email.

7. On October 19, as noted above, this Court entered an order directing the filing of a joint status report. On the same day, Defendants' counsel emailed Plaintiffs' counsel to state that Defendants were considering Plaintiffs' request and the Court's order, and that they "will get back to you when we can." On October 20 and at 11:15 a.m. on October 21, Plaintiffs' counsel emailed Defendants' counsel to reiterate their requests that they be granted access to the sponsorship applications given the imminent deadline for the joint status report.

8. At 12:18 p.m. on October 21, Defendants' counsel responded, "ORR will not be providing Plaintiffs' counsel access to the online application at this time."

9. Plaintiffs cannot assess Defendants' compliance with this Court's remand order unless they are able to review the operative sponsorship application. It is possible that a review of that application would permit Plaintiffs to determine that Defendants have already satisfied their obligations on remand. If that is the case, there should be no barrier to this Court's entry of a final judgment in this action. The possibility, referenced in Defendants' portion of this joint status report, that OMB might approve non-substantive alterations to the existing forms would not preclude the entry of final judgment provided that the alterations do not affect the substantive proof of income and proof of identification information collection requirements that are the subject of the Court's remand order.

10. Given Defendants' obligation to demonstrate their prompt compliance with this Court's remand order, and their evident recalcitrance, Plaintiffs respectfully request that the Court order that: (1) Defendants provide Plaintiffs with access to the online sponsorship application and file a copy of the currently operative sponsorship application on the public docket no later than Monday,

October 26; and (2) the parties file a further joint status report no later than Wednesday, October 28.

Date: October 21, 2026

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. SILVIS
Assistant Director

/s/ Joshua C. McCroskey
JOSHUA C. MCCROSKEY
OLEKSIY ISAEV
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-1540
joshua.c.mccroskey@usdoj.gov

*Counsel for Defendants*

/s/ Joel McElvain (by permission)
Cynthia Liao (admitted pro hac vice)
Joel McElvain (D.C. Bar No. 448431)
Skye L. Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
cliao@democracyforward.org
jmcelvain@democracyforward.org
sperryman@democracyforward.org

Mishan Wroe (admitted pro hac vice)
Diane de Gramont (admitted pro hac vice)
NATIONAL CENTER FOR YOUTH LAW
1212 Broadway, Suite 600
Oakland, California 94612
(510) 835-8098
mwroe@youthlaw.org
ddegramont@youthlaw.org

Rebecca Wolozin (D.C. Bar No. 144369)
David Hinojosa (D.C. Bar No. 1722329)
NATIONAL CENTER FOR YOUTH LAW
818 Connecticut Avenue NW, Suite 425
Washington, DC 20006
(202) 868-4792
dhinojosa@youthlaw.org
bwolozin@youthlaw.org

*Counsel for Plaintiffs and Provisional Class*